IN RE APPLICATION OF MILTON HARDWARE CO.

(No. 9267—Decided March 11, 1969.)

*Mr. Alan Meltzer,* for appellee Milton Hardware Company.

*Mr. Paul W. Brown,* attorney general, and *Mr. Gust Peter Niarchos,* for appellant Bureau of Unemployment Compensation.

HOLMES, J. This case presents an appeal from a decision of the Court of Common Pleas of Franklin County, which court reversed and set aside a determination of the

Administrator of the Bureau of Unemployment Compensation, state of Ohio, dated January 25, 1968, such determination being the liability of the applicant as an employer pursuant to Chapter 4141, Revised Code.

The court below found that the determination as made by the administrator was not supported by reliable, probative and substantial evidence and was not in accordance with law. This court agrees with the Common Pleas Court.

The facts of this case are that on December 7, 1962, the Administrator of the Bureau of Unemployment Compensation, now known as the Bureau of Employment Services, issued a determination that the Milton Hardware Company, the appellee herein, incurred liability as an employer effective July 1, 1957, by reason of its having had three or more persons in employment, as defined in Section 4141.01, Revised Code.

Milton Hardware Company timely filed an application for reconsideration with the administrator pursuant to Section 4141.26, Revised Code.

Subsequently, on July 7, 1965, a hearing on such application for reconsideration was conducted before Mr. John C. Wasserman, a Deputy Administrator of the Bureau of Unemployment Compensation.

The transcript of the proceedings of such hearing shows that the appellee, Milton Hardware Company, was represented by Mr. Milton Rubenstein and by counsel, Mr. Alan Meltzer.

Testimony was presented on behalf of the administrator by Mr. William Ney, field examiner for the bureau, and by one Mario Liuzzo, an alleged employee of Milton Hardware Company, such witness being subpoenaed by the administrator.

Certain papers, writings and documents, marked as administrator's exhibits, were produced at such hearing by the deputy administrator and were identified with varying degrees of exactness by Mr. Ney.

Some of the administrator's exhibits were specifically introduced, others were not. Some of such exhibits were specifically admitted into the record by the hearing officer.

Others of such exhibits, either by design or oversight, were not specifically admitted into the record by such hearing officer.

Counsel for the Milton Hardware Company objected to the introduction or admission of all such exhibits, some on the basis that they were not properly identified and others because they had not been authenticated or that they had been altered. Counsel continued his objection throughout all stages of the hearing.

That hearing as conducted on July 7, 1965, was continued by agreement of the parties until such time as the field auditor who made out the audit reports in this pending matter could be present for further hearing and testimony.

On July 27, 1967, more than two years after the first hearing on this matter, such hearing was resumed before Mr. Byrle W. Dunlap, another deputy administrator of the Bureau of Unemployment Compensation.

At such hearing the Milton Hardware Company was again represented by counsel, Mr. Alan Meltzer. The witness on behalf of the bureau was Mr. Carl W. Meyer, then a field examiner for the bureau.

Counsel for the appellee herein objected to any further proceedings in the matter due to the lapse of time involved, and the added difficulties that such lapse placed upon him and his client. Further, appellee objected to the fact that a different hearing officer would now be hearing this matter.

Such objections were overruled by the hearing officer, and the hearing proceeded with the only witness, Mr. Meyer, testifying as to the procedures followed by him in obtaining the necessary information relative to this alleged employer and its employee records.

Certain of the papers and documents as marked administrator's exhibits, as previously introduced, but not in all cases specifically admitted, were identified by the witness, but, again, not in each instance were such exhibits specifically introduced as evidence and made a part of the record.

The counsel for the appellee herein continued to object to the introduction of the various exhibits and to the testimony of the witness thereon.

At the conclusion of the second hearing, counsel for the appellee herein renewed the objections to the hearing as resumed because of the lapse of time and because the hearing officer was not impartial and had conducted the hearing as an adversary party.

On January 25, 1968, the Administrator of the Bureau of Unemployment Compensation affirmed the original determination as made on December 7, 1962, and the appellee herein filed an appeal to the Common Pleas Court of Franklin County.

The Common Pleas Court reversed the determination of the administrator on the basis that such determination was not supported by reliable, probative and substantial evidence and was not in accordance with law. From such judgment the Administrator of the Bureau of Unemployment Compensation has brought this appeal, assigning as error that "the decision rendered by the Franklin County Court of Common Pleas is unlawful, unreasonable and against the manifest weight of the evidence."

The questions posed in this case arise out of the conduct of proceedings before an administrative tribunal, specifically a hearing before Deputy Administrators of the Bureau of Unemployment Compensation.

Questioned basically are the activities of such hearing officers in the conduct of the hearings, and the alleged absence of adherence to evidentiary rules or rules of court procedure.

At the outset, it must be stated that, although administrative agencies may exercise quasi-judicial powers and may have some of the attributes of a court, they are not courts, and under the state Constitution they cannot be so considered, 1 Ohio Jurisprudence 2d 146, Administrative Law and Procedure.

An administrative agency can exercise only such jurisdiction and powers as conferred upon it by the Constitution or statute which created it or vested it with such power.

The Legislature, in furtherance of carrying out the purposes of the laws relating to unemployment compensation, has clothed the Administrator of the Bureau of Unemployment Compensation, and his deputies, with certain rule making, investigative and determinative powers.

Section 4141.13 (A), Revised Code, provides that the Administrator of the Bureau of Unemployment Compensation may:

"Adopt and enforce reasonable rules and regulations relative to the exercise of his powers and authority, and proper rules to govern his proceedings and to regulate the mode and manner of all investigations and hearings."

Accordingly, the administrator may adopt proper rules governing the proceedings and hearings relative to the applicability of the laws pertaining to unemployment compensation.

Generally speaking, the procedures to be followed before administrative agencies are not those which are required in ordinary civil actions. The strict rules of a judicial hearing do not govern in executive and administrative matters. *State, ex rel. Mayers,* v. *Gray,* 114 Ohio St. 270; *Eastern Ohio Distributing Co.* v. *Board of Liquor Control,* 59 Ohio Law Abs. 188.

Generally, in the absence of statutory provisions to the contrary, an administrative agency may adopt and follow procedures for hearings and fact finding which are not strictly in accord with rules of practice as followed in the trial of civil actions.

In like manner, where the statutes are silent thereon, an administrative agency may generally enact rules as to the standards of admissibility of evidence to be followed in its hearings. In a number of instances, general standards applicable to specific agencies are provided by particular statutes. See 11 Ohio State Law Journal 80. These range from provisions that the agency shall not be bound by common-law or statutory rules of evidence to provisions that the evidence shall be submitted as in the trial of civil actions. 1 Ohio Jurisprudence 2d 495, Section 101.

Therefore, apart from specific statutes, administrative agencies are not bound by the strict rules of evidence

applied in court. *Provident Savings Bank & Trust Co.* v. *Tax Commission*, 26 Ohio Law Abs. 175.

However, administrative agencies may not be permitted to sanction as evidence something which is clearly not evidence. *General Motors Corp.* v. *Baker*, 92 Ohio App. 301. And an administrative agency should not act upon evidence which is clearly not admissible, competent or probative of the facts which it is to determine. *Eastern Ohio Distributing Co.* v. *Board of Liquor Control*, 59 Ohio Law Abs. 188.

Feeling the necessity to apply some evidentiary standards in such agency or administrative hearings, the Legislature enacted specific guidelines into Ohio law effective in 1967, which must be followed by the Administrator of the Bureau of Unemployment Compensation in considering evidence presented at any hearing relative to an employer's contribution rate under Chapter 4141, Revised Code.

Section 4141.26, Revised Code, provides in effect that the determination or order of the administrator must be supported by reliable, probative and substantial evidence, and be in accordance with law.

The pertinent portion of such section, which deals with an appeal of a determination of the administrator to the Common Pleas Court, is as follows:

"* * *The court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. * * *"

In like manner, under the Ohio Administrative Procedure Act, in Section 119.12, Revised Code, an adjudication order of any of the administrative agencies which

proceeds pursuant to such Chapter 119, must be supported by reliable, probative and substantial evidence.

In the case of *Ohio Real Estate Commission* v. *Cohen*, 90 Ohio Law Abs. 137, the court, construing the words reliable, probative and substantial, as contained in Section 119.12, Revised Code, stated as follows, at page 145:

"* * * As the court understands each of these three terms, they are used in their ordinary, dictionary meaning and in a way that can be understood and applied by a lay commission, as well as by a court of law, and viewed in the same aspect by both. The terms are obviously not synonymous, but each has a separate and important meaning and requires evidence of that precise character. First, it must be reliable, that is, dependable, with reasonable assurance of its probability, as not only truthful but also true. 'Probative' relates to the evidentiary value of the testimony and other evidence in an analytical sense, having depth and being more than merely superficial or speculative. 'Substantial' would appear to mean that the evidence has body or substance of sufficient degree to be of some weight, as well as quality, that gives it standing and credence, as well as dependable and testworthy. The consideration of all of this would appear to the undersigned to indicate that an order by an administrative agency is one not lightly arrived at but resulting from strongly supported claims that can be resolved without serious doubt of the correctness, as well as the justice, of the order made."

There is a further requirement that reason would dictate be followed by the administrator in his agency hearings, and that is the guaranty that such hearings shall be fair in all their procedural aspects.

Such guaranty of a fair hearing may be found both in the statutory as well as in the case law of this state.

Section 4141.26, Revised Code, in pertinent part, provides that the Board of Review of the Bureau of Unemployment Compensation "shall *promptly* examine the application for review of the administrator's decision and shall grant such employer an opportunity for a *fair* hearing." (Emphasis added.)

In a similar manner, Section 4141.28, Revised Code, pertaining to the procedures before the administrator relative to employees claims for benefits, also provides that such hearings shall be fair.

Citing the need for the application of the rule of fairness in administrative proceedings, this court, in *Cunningham* v. *Jerry Spears Co.*, 119 Ohio App. 169, at page 174, stated as follows:

"The basic philosophy of judicial procedure revolves around the principles of fairness, relevance, reliability and public policy. See 42 American Jurisprudence, 460 *et seq.*, Public Administrative Law, Section 129 *et seq.* The principles remain even though their formulation as technical court rules may be inappropriate to the operation of this agency. * * *"

In the instant case, this court feels, as did the Common Pleas Court below, that the determination of the administrator was not supported by reliable, probative and substantial evidence, and was not in accordance with law.

A reading of the transcript in this matter will show that the administrator's exhibit 4, numbered 1 through 33, which was identified as the field audit report of Mr. Meyer, was not introduced into the record at the time of the hearing, but subsequently was attached to such record when submitted to the administrator.

Further, the administrator's exhibit 7, entitled the "Ohio Bureau of Unemployment Compensation Contribution Department Field Assignment," was not introduced and admitted as a part of the record at the time of the hearing.

Also, administrator's exhibit 8, identified as a report of the Milton Hardware Company for social security tax purposes, was not introduced and properly admitted as a part of the record at the time of the hearing.

Further, administrator's exhibit 9, identified as Milton Hardware Company's semi-annual payroll report to the Bureau of Workmen's Compensation, was not introduced or admitted as a part of the record.

Further, there appeared to be some apparent difficul-

ties in establishing the validity of administrator's exhibit 5 which was identified as the "Report to Determine Liability."

That exhibit was introduced over the objection of the appellee herein to the effect that such report had been altered. In fact, upon review of the record, the agent testified that certain changes were in fact made to such record subsequent to its original draft.

It is not the intention of this court to be unduly restrictive of our administrative agencies and tribunals in their process of fact-gathering and in the conduct of their quasi-judicial proceedings. We do not believe the law is such that strict civil court procedures should be applied, nor do we feel it necessary to exact the adherence to all of the finite legal evidentiary procedures.

But, as the Supreme Court stated in *Bucyrus* v. *State Department of Health*, 120 Ohio St. 426, at page 430, in deciding that a newspaper article was not competent evidence:

"* * * We do not approve the manner in which the hearing was conducted. While the technical rules of a hearing by a court are not required to be strictly observed in hearings before administrative bodies, it is the duty of such bodies to permit a full hearing upon all subjects pertinent to the issue, and to base their conclusion upon competent evidence; and such result can better be accomplished by a substantial adherence to the rules observed in hearings in court. * * *"

It is our feeling that basic evidentiary procedures should be followed in administrative hearings; and in this regard exhibits should be offered for identification purposes and should be introduced and the admission of such made a part of the record.

It is only fair to apprise the taxpayer-employer of that which is to be considered by the administrator in making a determination which will vitally affect the employer's interests.

In the instant case there was a definite absence of the introduction and admission by the administrator of reliable, probative and substantial evidence.

The hearing as conducted by the administrator in this case ran further aground, as it relates to the element of fair play.

To provide a fair hearing for an applicant-employer would require that such hearing and determination be had in as expeditious and timely a manner as possible under the circumstances.

In the instance of the Public Utilities Commission, the court, in *State, ex rel. Columbus Gas & Fuel Co.,* v. *Public Utilities Commission,* 122 Ohio St. 473, stated as follows:

"* * * It is the duty of the commission to hear matters pending before the commission without unreasonable delay and with due regard to the rights and interests of all litigants before that tribunal."

The same rule should pertain to the Bureau of Unemployment Compensation and hearings held before the administrator of such bureau.

In this case, the original determination was made on December 7, 1962. The appellee herein timely filed its application for a reconsideration by the administrator, and an initial hearing was held pursuant to such application on July 7, 1965. Such hearing was continued by the administrator, albeit by agreement of the appellee herein, until such time as the testimony of the agent involved could be brought before the hearing officer. Such continuance did continue in fact, and without explanation, until July 27, 1967, a period of over two years.

It is our opinion that this is an unreasonable period of time to keep an employer-taxpayer in limbo concerning his status as a contributor under Chapter 4141, Revised Code.

The judgment of the Common Pleas Court is, hereby, affirmed.

*Judgment affirmed.*

TROOP, J. (Presiding), and STRAUSBAUGH, J., concur.