THE STATE, EX REL. COX, *v.* LOPEMAN, CHAIRMAN, ET AL.

(No. 83AP-435—Decided February 9, 1984.)

*Mr. Gordon G. Hobson,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Marquette D. Evans,* for respondents.

WHITESIDE, P.J. By this original action in mandamus, relator, Ferris R. Cox, seeks a writ of mandamus requiring respondent Unemployment Compensation Board of Review to hear and determine his claim for unemployment benefits for the week ending May 8, 1982, which said board has declined to hear to date upon the justification that there are many other claims having or involving the same legal or factual issue and, thus, has been diverted to a mass appeal of the docket and lies dormant without action.

Relator was discharged from his employment with Beulah Park Jockey Club on April 28, 1982, and he applied for unemployment benefits for the week ending May 8, 1982, which claim was denied by the administrator both initially and on reconsideration. Relator then on October 11, 1982, timely filed an appeal to the Unemployment Compensation Board of Review. Although most other claims for unemployment compensation filed with the board of review at or about that time have long since been disposed of, relator's claim was side-tracked into a separate calendar for mass appeals.

Respondent board contends that it would create chaos to require it properly to process the ten thousand or so claims pending on the mass appeal calendar. However, the ten-thousand figure is not the number of mass appeal determinations but, rather, the number of mass-appeal claims that are involved in the approximately ninety-six pending con-

solidated mass-appeal proceedings, varying from two to five thousand six hundred and eighty-five claims being involved in each proceeding as indicated on Joint Exhibit A. The oldest of these claims dates back to October 1979.

The board presented testimony of its acting secretary, who indicated that so-called mass appeals are more time consuming because of the complexity of the issue involved, but, apparently, one determination resolves the issue for all of the claims involved in the mass appeal, leaving only individual issues, if any, such as whether the particular employee was attempting to obtain employment during the week in question. The acting secretary further indicated that the board of review has no rules concerning mass appeals. R.C. 4141.06 does confer upon the board of review the power to adopt rules of procedure which are not inconsistent with statutory requirements. The only procedural rule pertinent to the issue before us appears to be Ohio Adm. Code 4146-5-04, which provides in pertinent part:

"Every hearing and other proceeding which is held under these Rules of Procedure shall be scheduled promptly * * *. In the scheduling of proceedings in any case, consideration shall be given to the prompt disposition of any appeal * * *."

In other words, the board of review has adopted rules requiring prompt disposition of all appeals and has adopted no rule making an exception for the so-called mass appeals. In fact, there is no rule providing for the separate calendar for mass appeals, although to consolidate appeals having common issues of law, or fact, which are dispositive of all the appeals because they arise from the same employer, or same industry, could further the prompt disposition of appeals, if the determination be timely made once, and then made applicable to all the appeals. Unfortunately, the apparent result has been that complex issues are not receiving prompt attention, because the issue before us is not the time it takes for deciding the matter after it is heard but, rather, the long delay in scheduling the matter for hearing, which is the subject of the rule of the board of review, *supra*, requiring prompt scheduling of hearings.

This court, in *In re Milton Hardware Co.* (1969), 19 Ohio App. 2d 157, 166 [48 O.O.2d 266] stated that: "To provide a fair hearing for an applicant-employer would require that such hearing and determination be had in as expeditious and timely a manner as possible under the circumstances." The board points out R.C. 4141.26, rather than R.C. 4141.28, was involved pertaining to employers' contribution rates, and, thus, this court should not apply that case to employee benefits. We see no reason why the right of an employee to have the question of whether he is entitled to unemployment compensation benefits determined is of any less importance or entitled to any less promptness in consideration and determination that the employer's contribution rate, even though R.C. 4141.26(B) requires the board to "promptly" examine the application for review, as well as to provide "an opportunity for a fair hearing," while R.C. 4141.28(J) requires that the parties be afforded "reasonable opportunity for a fair hearing." Other evidence indicates that a typical appeal is scheduled for hearing, the hearing held and determination made within thirty days of the appeal, and that eighty percent of all appeals, not including mass appeals, are determined within forty-five days after the appeal. Unfortunately, however, the evidence does not reflect how many appeals are involved or what percentage of the ten-thousand appeals involved in the ninety-six mass-appeal proceedings represent the total number of appeals pending at any one time, or filed in any one year, before the board of review.

The very purpose of unemployment compensation demands prompt determination of appeals. Unemployment com-

pensation is designed to furnish funds to substitute for wages lost during unemployment when it is most needed by the employee for his subsistence, rather than as compensatory damages. See *California Dept. of Human Resources Development* v. *Java* (1971), 402 U.S. 121. In this case, no hearing has even been scheduled. No justification for such extreme delay has been demonstrated. A writ must issue.

Accordingly, for the foregoing reasons, a writ of mandamus will issue ordering respondent board of review to schedule relator's appeal of his claim for unemployment compensation for hearing before a referee or the board itself.

*Writ granted.*

STRAUSBAUGH and REILLY, JJ., concur.