**HART, Appellant,**

v.

**OXFORD CITY BOARD OF HOUSING APPEALS, Appellee.**

[Cite as *Hart v. Oxford City Bd. of Hous. Appeals* (1992), 79 Ohio App.3d 55.]

Court of Appeals of Ohio,
Butler County.

No. CA91–07–133.

Decided March 30, 1992.

**56**

*Carl Morgenstern Co., L.P.A.,* and *Roger S. Gates,* for appellant.

*McHugh & McHugh* and *Steven M. McHugh,* for appellee.

JONES, Presiding Judge.

Plaintiff-appellant, Howard Hart, appeals a judgment of the Butler County Court of Common Pleas affirming an order of defendant-appellee, the Oxford City Board of Housing Appeals ("board").

Appellant owns a single-family house in the city of Oxford. The city issued appellant a rental permit for the property which allowed a maximum of four occupants in the premises. In the spring of 1990, appellant entered rental agreements with four Miami University students for a lease term covering the 1990–1991 academic year. One of the tenants subsequently informed appellant she would be graduating from Miami University at the end of the first semester in December 1990. Appellant agreed to relieve this student from her rental obligation for the second semester after she offered to secure an additional tenant during the first semester. Consequently, five tenants were to reside in the house during the first semester while only three would be renting during the second semester.

In October 1990, the Oxford Housing Inspector notified appellant that the five students residing in the house constituted a violation of appellant's rental permit and that his permit would be revoked within ten days unless appellant complied with the city's housing code and his permit. Upon appellant's request, a hearing was conducted before the board on November 15, 1990. Following the hearing, the board "modified" appellant's permit so as to limit him to three tenants for both the second semester of the 1990–1991 academic year as well as the entire 1991–1992 academic year.

Appellant timely appealed to the common pleas court, which affirmed the board's order. On appeal to this court, appellant presents a single assignment of error which claims that the common pleas court erred in affirming the board's order.

■ The issue to be determined in the case at bar is whether the board exceeded the scope of its administrative authority and acted illegally when it reduced the legislatively established maximum occupancy level for appellant's rental property. Appellant was issued a notice that his permit would be revoked for allowing his property to be occupied by more individuals than the number permitted by the rental permit. Oxford Codified Ordinances 1341.091 and 1341.13. Upon receiving the notice, appellant exercised his option to request a hearing on the matter before the board. Oxford Codified Ordinances 1341.14. It is appellant's position that the board exceeded its authority by modifying his permit so as to reduce the maximum number of tenants for the 1991–1992 academic year.

■ The board contends that it could modify appellant's permit under Oxford Codified Ordinances 1341.16(a)(3), which provides that the board shall:

*"Interpret the intent of this chapter* in special cases *where, upon appeal, it clearly appears* by reason of special conditions, *undue hardship would result from a literal application of* any *section in this chapter. Where such undue hardship is clearly demonstrated* or where there is a pre-existing non-conforming condition, *the Board may permit a variance* from the applicable section, if the result of the application of such variance will vary only a reasonable minimum from the literal provision of the chapter, but will comply with the spirit and intent of this chapter with respect to sanitation, safety and rehabilitation. All decisions to permit a variance under this section shall be by a majority vote of the members of the Board."* (Emphasis added.)

This section allows the board to permit a variance from an applicable housing code section in cases where undue hardship would result from a literal application of the housing code and where the variance would be minimal and still comply with the spirit and intent of the housing code. "A variance is intended to permit amelioration of strict compliance of the zoning ordinance in individual cases. It is designed to afford protection and relief against unjust invasions of private property rights and to provide a flexible procedure for the protection of constitutional rights." *Consolidated Mgt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 240, 6 OBR 307, 309, 452 N.E.2d 1287, 1289. The board could grant a variance to appellant and allow him to have five tenants during the first semester of the 1990–1991 academic year where strict compliance with the housing code would result in the eviction of either one or all of appellant's tenants. However, the board was not granting

a "variance" by limiting or reducing the maximum number of tenants for the next one and one-half years.

██ The board further submits that its action was permitted by Oxford Codified Ordinances 1341.18(b) which states that: "After a hearing, the Board shall sustain, *modify* or withdraw *any item appearing on the notice * * *.*" (Emphasis added.) Appellant's permit was an "item" appearing on the notice and the board argues that it could accordingly modify the permit by reducing the maximum number of tenants. The common pleas court found that such was an "equitable" result inasmuch as the board's other alternatives were to revoke appellant's permit thereby resulting in the eviction of all five students, require appellant to correct the violation by evicting the fifth student, or completely ignore the violation.

The board candidly admitted its action was not intended as an equitable remedy, but was designed to be punitive in nature and punish appellant for his violation. However, this was not a criminal case and the board, as an administrative agency, is not a "court." See *Application of Milton Hardware Co.* (1969), 19 Ohio App.2d 157, 48 O.O.2d 266, 250 N.E.2d 262. While the board is empowered to grant variances in cases of hardship, it has no power to limit appellant to three tenants for the next year when his permit clearly allows for four.

██ Although appellant's house could comfortably accommodate eight tenants, his permit was for half that number. Appellant has not derived a "windfall" from the fifth tenant as asserted by the common pleas court. Any gain received from this additional tenant during the first semester was offset by the "loss" appellant incurred from only having three tenants during the second semester. In fact, appellant was amenable to a three-tenant limit for the second semester in 1990–1991. Furthermore, we reject the board's contention that appellant agreed to the limitation for the following year. When appellant apparently had to leave the meeting for health reasons, his wife agreed with the board that the three-tenant limitation over the next one and one-half years would be a "fair settlement." The mere fact that appellant's wife *might* have reached an agreement with the board as to the three-student limitation does not bind appellant who left the meeting and was not present when such was suggested.

In an administrative appeal under R.C. 2506.04, a reviewing court may reverse an administrative agency's decision if it finds that the decision is "illegal." *Families Against Reily/Morgan Sites v. Butler Cty. Bd. of Zoning Appeals* (1989), 56 Ohio App.3d 90, 91–92, 564 N.E.2d 1113, 1116. We find that the board's position that it is empowered to modify a rental permit in the manner described above gives the board virtually unlimited discretion and

is illegal as a violation of the settled prohibition against the unlimited delegation of legislative authority to an administrative tribunal. *Consolidated Mgt., Inc., supra,* 6 Ohio St.3d at 242, 6 OBR at 311, 452 N.E.2d at 1291.

We accordingly find that the portion of the board's decision limiting appellant to three tenants for the 1991–1992 academic year was illegal and an unlawful exercise of legislative power. The board's order, as reflected in the judgment of the common pleas court, is hereby reversed.

*Judgment reversed.*

KOEHLER, J., concurs.

WILLIAM W. YOUNG, J., dissents.

WILLIAM W. YOUNG, Judge, dissenting.

I agree with the well-reasoned decision of the trial court. By reversing that judgment, this court is substituting its judgment for that of the board and the trial court.

I would affirm the trial court's decision and thus I dissent.