OPINION
Appellant, Gourmet Beverage, Inc. ("Gourmet"), appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Liquor Control Commission ("commission"), rejecting Gourmet's application for an agency store location.
In the spring of 1993, the Department of Liquor Control (now the Division of Liquor Control, but hereinafter referred to as the "department") began converting its state liquor stores into private agency stores. A committee was set up by the department to review applications for each proposed agency store based on a variety of business factors. After the department mailed applications to interested persons, the department received two qualified applications for the agency store to be located in Heath, Ohio. One application was from Gourmet and the other was from ABC, Inc. ("ABC").
The committee reviewed the two applications and ultimately awarded the agency store to ABC. Gourmet was notified of this decision by letter dated July 8, 1993. On July 20, 1993, Gourmet filed an appeal of that decision with the commission. Gourmet also filed at the same time a complaint for declaratory judgment and injunctive relief in the Franklin County Court of Common Pleas. In the administrative appeal before the commission, Gourmet requested a stay of the department's decision awarding ABC the agency store. That request was denied by the commission on September 1, 1993. Gourmet did not appeal the denial of the stay. Therefore, ABC became the operator of the agency store and it has continuously operated the store since 1993.
Meanwhile, in the common pleas court action, the department filed a motion to dismiss Gourmet's complaint for lack of jurisdiction. In a decision dated September 22, 1993, the trial court found that it had jurisdiction pursuant to R.C. 4301.31. On January 30, 1995, after a trial on the merits, a referee recommended that the court deny Gourmet's requested declaratory and injunctive relief. However, on February 24, 1995, the trial court issued a judgment vacating its previous jurisdictional determination and granting the department's motion to dismiss Gourmet's complaint for lack of jurisdiction. Gourmet appealed that dismissal to this court.
On September 21, 1995, this court affirmed the dismissal of Gourmet's complaint, albeit for a different reason. Gourmet Beverage Ctr., Inc. v. Akrouche (1995), Franklin App. No. 95APE03-355. This court noted that the common pleas court did have jurisdiction to hear complaints for declaratory and injunctive relief against the department. However, such relief was not proper when other adequate remedies were available. Because Gourmet had an administrative appeal procedure available to it, as set forth in R.C. 4301.04(B), this court affirmed the dismissal of Gourmet's complaint. Furthermore, in its response to the department's motion for reconsideration of that decision, this court noted that its decision expressed no opinion on the scope of the commission's jurisdiction to hear the administrative appeal. Its decision was limited to the finding that Gourmet failed to exhaust its administrative remedies. On March 6, 1996, the Ohio Supreme Court refused jurisdiction to hear an appeal from that decision. Gourmet Beverage Ctr., Inc. v. Akrouche (1996), 75 Ohio St.3d 1404.
A hearing on Gourmet's administrative appeal was held before the commission on April 23, 1998. At that hearing, the department sought the dismissal of Gourmet's appeal, alleging that the commission lacked jurisdiction to hear the appeal. By order dated July 16, 1998, the commission dismissed Gourmet's appeal for lack of jurisdiction without reaching the merits of the case. Gourmet appealed that decision to the Licking County Court of Common Pleas. In a decision dated November 12, 1998, the court found that the commission had jurisdiction pursuant to R.C. 4301.04(B) and, therefore, reversed the commission's decision and remanded the matter. The department appealed the decision to the Fifth District Court of Appeals, which affirmed. Gourmet Beverage Ctr., Inc. v. Liquor Control Comm. (1999), Licking App. No. 98CA128. On November 24, 1999, the Ohio Supreme Court refused jurisdiction to hear an appeal from that decision. Gourmet Beverage Ctr., Inc. v. Ohio Liquor Control Comm. (1999), 87 Ohio St.3d 1450.
Finally, on September 27, 2000, more than seven years after the department's original decision to award the agency store to ABC, the commission held a hearing on the merits of Gourmet's administrative appeal. On October 4, 2000, the commission issued an order affirming the department's award of the agency store to ABC. Gourmet appealed that order to the Franklin County Court of Common Pleas, which affirmed the decision of the commission, finding that the order was supported by reliable, probative and substantial evidence.
Gourmet appeals, assigning the following errors:
 I. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT FAILED TO FIND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT IN ACCORDANCE WITH LAW BECAUSE OF A DELAY OF SEVEN YEARS FOR A HEARING, (sic) VIOLATES THE DUE PROCESS CLAUSES OF THE U.S. AND OHIO CONSTITUTIONS AND REVISED CODE 119.06 AND .07.
 II. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT FAILED TO FIND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT IN ACCORDANCE WITH LAW BECAUSE THE LIQUOR CONTROL COMMISSION FAILED TO FILE A COMPLETE RECORD.
 III. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT FAILED TO FIND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELAIBLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
For ease of analysis, Gourmet's third assignment of error will be addressed first. Gourmet alleges that the trial court erred in finding that the commission's decision to affirm the award of the agency store to ABC was supported by reliable, probative and substantial evidence.
In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Reliable, probative and substantial evidence has been defined as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. [Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.]
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the trial court's determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the trial court abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339.
The decision to award the agency store to ABC was made after a committee, set up by the department, analyzed the applications of ABC and Gourmet. In that analysis, the committee awarded points to each applicant based upon a number of criteria. The specific criteria and their point distribution were set forth in the application sent to all potential applicants. The criteria included an assessment of the proposed business location, profit and loss statement, business plan, business stability and compatibility, alcoholic beverage experience, as well as various other factors. Each member of the committee awarded the applicants points under each of the designated criteria and the total of those points were averaged to arrive at a final score for each criteria. A perfect total score for all of the criteria would have been fifty points. After the committee analyzed both applications, it awarded Gourmet a total of 44.7 points and ABC a total of 48.3 points.
Gourmet first alleges that the point totals were not proper because the committee awarded ABC points for its physical location, even though ABC's proposed store was not completed at the time of the inspection and ABC only had a contingent lease for the proposed location. Both ABC and Gourmet received 28 out of a possible 28 points for the physical site requirements. Gourmet contends ABC should not have received these points because it did not have a completed store but, rather, only proposals for a new store. However, we cannot find any error in the method the committee used to award points in this category.
The committee member who testified at the hearing, Terry Pool, stated that previous agency stores were awarded based upon proposed locations. Pool further testified that the contract would not have been awarded to ABC until it completed the improvements outlined in its proposal. Pool likened the committee's decision to a conditional approval of ABC's proposal the condition being the satisfactory completion of the site improvements. If the improvements were not made, the store would have gone to the second-place bidder. Pool noted that ABC fulfilled the promises set forth in its proposal and opened the agency store in July 1993. We find no error with awarding points based upon a proposed location.
Gourmet next alleges that the committee improperly awarded more points to ABC in the area of business stability. ABC was awarded 9.3 points out of a possible 11, while Gourmet only received six points. Business stability was evaluated by assessing: (1) the length of time the applicant has been in the particular business; (2) the financial position of the business or, if a new business, the financial resources to establish a new business; (3) the projected financial position of the business if awarded an agency store; (4) previous business experience; (5) previous business locations; and (6) all proposed partners, shareholders, investors and/or lenders.
Gourmet contends that the committee erred in this calculation by allowing ABC to use business information from its existing location in presenting its proposal. Specifically, ABC owned another liquor store in Heath, Ohio. This store had been in operation since October 1991. ABC planned on moving that business to the proposed location should it receive the agency store. ABC's proposal reflected financial information from its existing store. It also stated that ABC had held a liquor permit for its existing business since October 1991.
Gourmet does not contest these facts. Instead, Gourmet argues that it was unfair to evaluate ABC's proposal based upon an existing business operated from a different site. The trial court did not error in rejecting this argument. The application clearly stated that financial information from an existing business should be submitted. ABC had an existing business that it was proposing to move should it be awarded the agency store. The existing store was in the same area as the proposed location for the agency store. There was no error in utilizing information from the existing business in evaluating ABC's proposal.
Gourmet also argues that the award of points for the length of time the applicants had been in business was in error. Gourmet received zero points out of a possible two for this factor, while ABC received 1.5 points. Pool's testimony disclosed that an applicant would receive .5 points for every six months that a business had been operating. Gourmet received no points because it chose to be evaluated as a new business not an existing business. ABC chose to be evaluated as an existing business. ABC received 1.5 points because it owned and operated a nearby liquor store since October 1991. We find no error in this calculation. The application clearly stated that points would be awarded for the length of time that the applicant had been in this business. ABC purchased a liquor store in 1991, which it operated since that date. There was no requirement that the business had to be in the same location to receive points in this category. Therefore, ABC's business history was properly considered by the committee.
Having determined that the information and calculations utilized by the committee were proper, the trial court did not abuse its discretion in affirming the order of the commission upholding the award of the agency store to ABC. Therefore, Gourmet's third assignment of error is overruled.
In its first assignment of error, Gourmet contends that the seven-year delay between the time its original administrative appeal was filed and when the administrative hearing was held violated Ohio statutory law and its constitutional right to due process. We disagree. The failure to hold a hearing within the time frame set forth in R.C. 119.07 is not a basis for reversal. This court has held that the time limitations contained in R.C. 119.07 are directory not mandatory. In re The Christian Home for the Aged, Inc. (1988), Franklin App. No. 88AP-242, citing In re Barnes (1986), 31 Ohio App.3d 201, 207-208. Nor does the delay violate R.C. 119.06. That statute does not establish any time frame for when a hearing must be held.
With respect to Gourmet's due process claim, it is the duty of an administrative agency to hear matters pending before it without unreasonable delay and with due regard to the rights and interests of the litigants. Id., citing State ex rel. The Columbus Gas Fuel Co. v. Pub. Utilities Comm. (1930), 122 Ohio St. 473, 475. In some instances, courts have held long delays to be unlawful when the delay is completely unexplained. For example, in In re Milton Hardware Co. (1969),19 Ohio App.2d 157, the court found a two-year unexplained delay to be unreasonable.
The delay in this matter, however, was not unexplained. The initial delay occurred because Gourmet chose to challenge the commission's award in the Franklin County Court of Common Pleas. It further chose to appeal the trial court's ruling. Litigation in that case was not completed until March 1996. Additional delay resulted from the subsequent dispute over whether the commission had jurisdiction to hear Gourmet's appeal. That litigation lasted until the end of 1999. In short, the merits hearing in this matter was delayed largely due to protracted litigation over two preliminary procedural/jurisdictional issues. Under these circumstances, the delay did not violate the Due Process Clauses of the United States and Ohio Constitutions. Therefore, Gourmet's first assignment of error is overruled.
Finally, in its second assignment of error, Gourmet contends that the commission failed to file a complete record with the common pleas court. R.C. 119.12 requires an agency to file a complete record of the proceedings with the common pleas court. However, an agency's omission of items from the record is excusable if Gourmet was not prejudiced by the omission. Kramp v. Ohio State Racing Comm. (1991), 81 Ohio App.3d 186,188; Lorms v. State (1976), 48 Ohio St.2d 153, syllabus. We find that the commission's failure to file the documents referred to by Gourmet did not result in any prejudice.
Gourmet contends that the record certified to the common pleas court failed to include: (1) the notice of appeal to the commission; (2) the motion for stay filed with the commission and the transcript of the hearing on that motion; (3) a notice of hearing; (4) various letters sent to the commission requesting hearing dates; and (5) the transcript of the April 23, 1998 hearing before the commission which addressed the department's motion to dismiss the administrative appeal on jurisdictional grounds.
Gourmet does not indicate how it was prejudiced by the failure to include the original notice of appeal and this court does not find any prejudice. The date Gourmet initiated the original appeal was not disputed. Nor is there any prejudice resulting from the failure to include the two hearing transcripts. The omitted transcripts were from hearings addressing matters that are not at issue in this appeal. Cf. Citywide Ambulance Services, Inc. v. Ohio Dept. of Human Services (1997), Franklin App. No. 96AP-1119 (omission of irrelevant documents in administrative record not error); Ohio Veterinary Med. Bd. v. Singh (1998), 127 Ohio App.3d 23, 31. The motion to stay was denied by the commission in 1993 and was not appealed by Gourmet. The April 23rd
hearing concerned the commission's jurisdiction to hear the matter. Again, the commission's jurisdiction is not at issue in this appeal. Therefore, no prejudice resulted from the commission's failure to include these documents in the record of proceedings filed with the common pleas court.
Likewise, the omission of the letters Gourmet contends should have been part of the record did not prejudice Gourmet. It was not disputed that Gourmet sought a hearing before the commission. The department contested the commission's jurisdiction to hear the appeal. That issue was litigated. As previously noted, the delay caused by litigating procedural/jurisdictional issues did not violate Ohio law or due process. Therefore, the letters that allegedly demonstrated Gourmet's attempts to obtain a hearing are irrelevant.
Because we do not find any prejudice resulting from the omission of the identified documents from the record of proceedings, Gourmet's second assignment of error is overruled.
In conclusion, having overruled Gourmet's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.