ROOTSTOWN TOWNSHIP ET AL., APPELLEES, *v.* SHIMP, APPELLANT.

(No. 1775—Decided April 18, 1988.)

*John J. Plough,* prosecuting attorney, and *Louis R. Myers,* for appellees. *Theresa M. Shimp, pro se.*

COOK, J. Theresa M. Shimp, appellant, owns property located at 3349 Old Forge Road in Rootstown Township, Ohio, which is zoned for residential use. In her front yard, appellant has an unlicensed 1969 Cadillac Eldorado which has a flat tire and no battery.

On August 27, 1984, the Rootstown Township Zoning Inspector, by letter, notified appellant that her vehicle was in violation of Section 311-2A of the Rootstown Township Zoning Resolution. The letter stated that her

vehicle was considered a "junkyard" under the zoning resolution and could not be located in a residential district. The letter requested appellant to comply with the zoning resolution by September 6, 1984.

When appellant failed to take any action as to the automobile, the zoning inspector referred the matter to the Portage County Prosecuting Attorney. That same day, an assistant prosecutor sent appellant a letter advising her to remove the vehicle from the property or put it in her garage by February 1, 1985 or he would seek a court order to force her to comply with the zoning resolution. Appellant again failed to take action as to the automobile.

On March 5, 1985, the Rootstown Board of Township Trustees and Rootstown Township Zoning Inspector, appellees, filed a complaint in the Portage County Court of Common Pleas pursuant to R.C. 519.24 seeking preliminary and permanent injunctions against appellant for violating the zoning resolution. In the complaint, the appellees alleged that appellant was in violation of the Rootstown Township Zoning Resolution by keeping and storing a vehicle on her property, which vehicle did not have a current set of license plates, and prayed for the court to issue an injunction to enjoin appellant from utilizing the premises as a junkyard.

On November 26, 1985, after a bench trial, the court found that appellant was in violation of the Rootstown Township Zoning · Resolution, since she admitted having upon her property "an unlicensed motor vehicle which is operable if a battery is installed in the car and the tire pumped up." The court also stated in its judgment entry that appellant challenged the constitutionality of the definition of a "junkyard" as set forth in the Rootstown Township Zoning Resolution.

The court held that said "definition is within the legislative perogative [*sic*]." The court ordered appellant to remove the motor vehicle from the property or have it currently licensed or housed in an enclosed structure on the premises within thirty days.

Appellant has appealed the judgment of the trial court and has filed the following four assignments of error:

"1. The trial court erred to the prejudice of the defendant-appellant by ruleing [*sic*] in favor of the plaintiffs without the weight of evidence in their favor.

"2. The trial court erred to the prejudice of the defendant-appellant by its failure to consider her freedom of expression, security of effects, rights to own property, due process of law, security of privacy, freedom to report the news, and the right against unlawful seisure [*sic*] of her property, especially without compensation, *when* no injury to anyone else's rights, including those of the township itself, have been asserted in this case against her as to the detriment of any kind to the health and welfare of any persons in their charge.

"3. The trial court erred to the prejudice of the defendant-appellant by allowing the township  zoning book [*sic*] to prevail over the Ohio Revised Code Section 4513.65.

"4. The trial court erred to the prejudice of the defendant-appellant buy [*sic*] ordering her to buy [a] privelege [*sic*] from the state she doesn't need. With the privelege [*sic*] of a license goes the responsability [*sic*] to purchase insurance for that vehicle I do not need on my own property. The expense to be able to enjoy the look of my own car on my own property displayed in the open is an infringment [*sic*] of my most basic human rights." (Emphasis *sic*.)

The first, third and fourth assignments of error are without merit, but

the second assignment of error is well-taken.

Appellant first contends that the judgment is against the weight of the evidence. She argues that appellees failed to prove that her automobile was inoperable or unlicensed.

In *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, syllabus, the Ohio Supreme Court held:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

In the instant cause, appellant herself testified that she was in violation of the zoning resolution since the subject vehicle was not licensed. She agreed with the court that it was unnecessary to receive proof on that issue.

We conclude that the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. The judgment is not against the manifest weight of the evidence.

Appellant's second contention is that a portion of the definition of "junkyard" set forth in the Rootstown Township Zoning Resolution is unconstitutional. The portion of the definition she refers to is the second paragraph of the definition which defines "inoperable" automobiles and automobiles without "current set[s] of license plates" as junkyards. In its judgment entry, the trial court acknowledged that appellant had raised the issue, but found that the definition of "junkyard" in the Rootstown Township Zoning Resolution was "within the legislative perogative [sic]."

The definition of "junkyard" set forth in the Rootstown Township Zoning Resolution reads as follows:

"*Junk Yard*: Any land used for abandonment, storage, keeping, collecting or baling of paper, rags, scrap metals, other scrap or discarded materials, or for abandonment, demolition, dismantling, storage, or salvaging of automobiles or other vehicles not in running condition, machinery, or parts thereof shall be deemed a junk yard.

"A licensed, but inoperable automobile, truck, or other vehicle that remains on the premises more than 90 days shall be deemed a junk yard. Any automobile, truck or other vehicle which does not have a current set of license plates displayed in such a way as to permit operation of said vehicle on public roads shall be deemed a junk yard."

A zoning resolution is a legislative enactment and is presumed to be constitutional. The burden of overcoming said presumption is upon the party challenging it. *Gray* v. *Trustees of Monclova Twp.* (1974), 38 Ohio St. 2d 310, 67 O.O. 2d 365, 313 N.E. 2d 366, syllabus.

In *Pepper Pike* v. *Landskroner* (1977), 53 Ohio App. 2d 63, 7 O.O. 3d 44, 371 N.E. 2d 579, 95 A.L.R. 3d 364, the court, in the first paragraph of the syllabus, held:

"A presumption of validity attaches to all ordinances including zoning ordinances. It is not a conclusive presumption but a rebuttable presumption which may be overcome by competent and relevant evidence. A legislative enactment will not be disturbed, unless it is shown that the action taken by the municipality in denying a property owner the unrestricted use of his property is arbitrary, capricious, and bears *no reasonable relationship to the health, safety or general welfare of the community*. A person wishing to attack an ordinance as unconstitutional has the burden of proof and may not rely on

mere allegations or conclusions of law that the ordinance is not based on health, safety or general welfare, but must introduce competent and relevant evidence to support his position. If he meets his burden and introduces sufficient evidence to overcome the presumption of regularity and constitutionality, the municipality may not merely counter with its own legal conclusions but must also present evidence to support the validity of the ordinance on the basis of health, safety or general welfare or risk that its ordinance will be declared unconstitutional." (Emphasis added.)

For the reasons which follow, we find that the second paragraph of the zoning resolution's definition of "junkyard" is arbitrary and unreasonable and bears no reasonable relationship to the health, safety or general welfare of the community. The second paragraph of the definition of "junkyard" is the definition relied upon by the zoning inspector and the prosecutor, in contending, and the trial court, in finding, that appellant was in violation of the Rootstown Township Zoning Resolution.

"Zoning" has been defined as "the division of a municipality or other defined area into districts or zones, and the imposition of land-use controls upon the districts thus created." (Footnote omitted.) 58 Ohio Jurisprudence 2d (1963) 500, Zoning, Section 27.

In the instant cause, the first paragraph of the definition of "junkyard" pertains to the *use of land,* but the second paragraph of the definition does not. It defines an "automobile, truck, or other vehicle," under certain conditions, to be a "junkyard." Such a definiton of a "junkyard" is arbitrary and unreasonable and consequently unconstitutional since it makes personal property, not the use of real property, a junkyard.

In addition, we do not agree with the trial court's finding that the subject definition of "junkyard" "is within the legislative perogative [*sic*]." This is not true of the second paragraph of the definition which is the definition relied upon by the zoning inspector and prosecutor, in contending, and the trial court, in finding, that appellant was in violation of the Rootstown Township Zoning Resolution.

R.C. Chapter 519 is the means by which the state legislature has delegated the use of the police power for zoning purposes to townships throughout the state.

R.C. 519.02 provides:

"For the purpose of promoting the public health, safety, and morals, the board of township trustees may in accordance with a comprehensive plan regulate by resolution the location, height, bulk, number of stories, and size of buildings and other structures, including tents, cabins, and trailer coaches, percentages of lot areas which may be occupied, set back building lines, sizes of yards, courts, and other open spaces, the density of population, the uses of buildings and other structures including tents, cabins, and trailer coaches, and the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of such township, and for such purposes may divide all or any part of the unincorporated territory of the township into districts or zones of such number, shape, and area as the board determines. All such regulations shall be uniform for each class or kind of building or other structure or use throughout any district or zone, but the regulations in one district or zone may differ from those in other districts or zones."

Clearly, R.C. 519.02 does not include the power to declare an

automobile, truck or other vehicle a junkyard. Said section only refers to land use and buildings.

We conclude that the second paragraph of the definition of "junkyard" as set forth in the Rootstown Township Zoning Resolution is unconstitutional, since it is arbitrary and unreasonable and unauthorized by R.C. Chapter 519. This conclusion pertains only to the second paragraph of said definition, the pertinent definition in the instant cause.

Appellant's third contention is that the court erred in relying on the definition of "junkyard" set forth in the Rootstown Township Zoning Resolution rather than R.C. 4513.65. This assigned error is without merit since R.C. 4513.65 defines certain *motor vehicles* as "junk motor vehicles," while the zoning resolution attempts to define an inoperable or unlicensed automobile as a junkyard. R.C. 4513.65 does not apply to township zoning resolutions.

Appellant's last contention is that the court erred in ordering her to buy license plates for the subject vehicle. Actually, the court did not order appellant to buy license plates for her unlicensed automobile. The court ordered her to get license plates for her car or remove or house the unlicensed automobile within thirty days. She had a choice of what to do.

We conclude appellant failed to demonstrate this error in the record.

The judgment of the trial court is reversed and final judgment is entered for appellant.

*Judgment reversed.*

FORD, P.J., and CHRISTLEY, J., concur.