[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
Appellant, Frank Suglia, d.b.a. Mr. Car's Automotive, appeals the judgment of the Lake County Court of Common Pleas which denied appellant's request to declare Concord Township Zoning Resolution 22.01(X) void and which also denied appellant's request that the common pleas court reverse the decision of appellee, Concord Township Board of Zoning Appeals, and grant appellant a use variance. Appellee has filed an answer brief. For the reasons which follow, we affirm the judgment of the common pleas court in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
On January 22, 1997, appellant filed an application for a zoning permit seeking an occupancy permit for the sale of used cars on his property. At the time, appellant was operating an auto body and mechanical repair shop on his business premises. Appellant sought the application to expand his existing business to include the sale of used cars. Appellant's property was located within the general business district of Concord Township.
However, the permit was denied because Concord Township Zoning Resolution 22.01(X) prohibited the sale of used cars in the general business district unless new cars were also sold inconjunction with the used cars.
Appellant appealed the denial to appellee, maintaining that Section 22.01(X) was void because it had no justification in the health, safety or morals of Concord Township. At the same time, appellant requested a use variance to allow him to sell used cars without also selling new cars.
Appellant's appeal and variance request were considered by appellee at a hearing on February 5, 1997. Appellant's two attorneys were the principal spokespersons for appellant. Appellant himself also provided limited sworn testimony indicating that he desired to obtain the use variance in order to make his business more profitable. Appellee correctly declined to address appellant's assertion that the contested resolution was void, and thereafter denied the requested use variance.
Appellant appealed appellee's decision to the common pleas court pursuant to R.C. Chapter 2506. In this appeal, appellant again argued that the resolution was void because it exceeded the township's enabling authority found in R.C. 519.02. He also argued that the resolution was unconstitutional and that the use variance should have been granted because appellant demonstrated that the denial constituted an "unnecessary hardship" upon him.
The common pleas court upheld the denial of the requested variance on the grounds that appellant did not establish the existence of any "unreasonable hardship" as appellant could continue operating his existing business. The common pleas court also upheld the resolution on the constitutional challenge.
As to appellant's assertion that the subject resolution was void, the common pleas court did not initially address this contention. Appellant therefore filed an application for reconsideration requesting that the common pleas court address this issue. Appellant also filed a notice of appeal with this court. We, thereafter, granted the common pleas court's request to remand the matter for purposes of addressing appellant's argument that the resolution was void. Upon remand, the common pleas court concluded that Concord Township acted within its statutory authority when it enacted the resolution.
On appeal to this court, appellant raised three assignments of error for our consideration:
 "[1.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT DETERMINING THAT SECTION 22.01(X) OF THE CONCORD TOWNSHIP ZONING RESOLUTION EXCEEDS THE AUTHORITY GRANTED TO THE APPELLEE UNDER OHIO REVISED CODE SECTION 519.02
 "[2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT APPLIED AN INCORRECT STANDARD TO THE APPELLANT'S REQUEST FOR A VARIANCE.
 "[3.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ELEVATING MERE SUPPOSITION AND OPINION TESTIMONY TO THE LEVEL OF `DIRECT EVIDENCE.'"
In the first assignment of error, appellant contends that Concord Township exceeded its authority under R.C. 519.02 when it adopted Concord Township Zoning Resolution 22.01(X). Specifically, appellant asserts that the resolution was not enacted for the purposes of "promoting the public health, safety, and morals" of Concord Township residents pursuant to R.C.519.02.[1] Since, according to appellant, the resolution was not adopted for these purposes, the resolution was void and unenforceable.
However, we do not believe that the common pleas court had jurisdiction to entertain this challenge pursuant to R.C. Chapter 2506. It is apparent both from appellant's argumentation below and on appeal to this court that he is mounting a facial challenge to the resolution, albeit not a constitutional facial challenge. He does not make any attempt to challenge the resolution on the grounds of it being void as it specifically applies to him or hisproposed use. Indeed, without attempting to examine all possible situations, it would appear that the type of challenge mounted by appellant herein is inherently a facial one.
On this point, we note that only quasi-judicial proceedings are contemplated for review under the provisions of the Administrative Appellate Procedure Act, R.C. 2506.01 et seq. See 2 Ohio Jurisprudence 3d (1998) 283-284, Administrative Law, Section 140. This means that R.C. Chapter 2506 may not be used as a means to obtain review of purely legislative actions, such as a board of township trustees' adoption of a zoning resolution.
In apparent recognition of the above principles, the Supreme Court of Ohio has indicated that on appeal of a zoning board decision, an aggrieved party may argue that the ordinance, asapplied in its particular case, is unconstitutional. This limited
constitutional argument should be considered by the common pleas court in addition to any other arguments. Community ConcernedCitizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993),66 Ohio St.3d 452, 453; accord Blue Stone Sand Gravel v.Mantua Twp. Zoning Bd. of Appeals (Mar. 27, 1998), Portage App. No. 97-P-0044, unreported, at 13, 1998 Ohio App. LEXIS 1272. However, where the landowner sets forth a challenge to the regulation's overall
constitutionality, a R.C. Chapter 2721 declaratory judgment action should be pursued. Community Concerned Citizens at 453.
Although Community Concerned Citizens concerns a constitutional challenge, this court believes that under the principles and logic of Community Concerned Citizens, appellant would not be permitted to mount his facial challenge to the resolution via a R.C. Chapter 2506 appeal. Instead, appellant should have brought a declaratory judgment action challenging the validity of the contested resolution on the grounds that it was void.[2] This was not done in the instant case. As a result, the common pleas court had no jurisdiction to address the argument at all. As a result, that aspect of the common pleas court's judgment is void, and his first assignment of error has merit to that extent.
In the second assignment of error, appellant asserts that the common pleas court committed reversible error when it applied an incorrect standard in its review of appellee's decision to deny appellant's requested use variance. In its judgment entry, the common pleas court stated:
 "Further, in considering whether Suglia will suffer an unnecessary hardship because of Concord's zoning classification, the Court finds Suglia will still be able to continue his operation as an automotive repair shop and, therefore, he will not incur any unreasonable hardship by not being permitted to sell used automobiles."
Specifically, appellant takes issue with the court's statement that he "will not incur any unreasonable hardship" and insists that the correct standard, more easily met by appellant, was "unnecessary hardship."
While we agree that the correct standard is indeed "unnecessary hardship," the common pleas court's single inadvertent use of the term "unreasonable hardship" did not prejudice appellant because the court's decision was otherwise correct as a matter of law.
Pursuant to R.C. 519.14, a township board of zoning appeals such as appellee may "[a]uthorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result inunnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.]" (Emphasis added.) R.C. 519.14(B). Thus, a critical issue in the determination of whether to grant a requested use variance is whether a literal enforcement of the resolution will result in an unnecessary hardship to the party requesting the use variance.
In his appellate brief, appellant asserts that he clearly demonstrated the existence of such a hardship by the fact that the zoning resolution denied him the right to use his property as he desired. However, both the Supreme Court of Ohio and this court have held that an unnecessary hardship cannot be said to exist when the use variance is requested merely to make the party's use of the land more profitable. Consolidated Management, Inc. v.Cleveland (1983), 6 Ohio St.3d 238, paragraph two of the syllabus ("The mere fact that one's property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification."); Clegg v. Bd. of Zoning Appeals ofNewton Twp. (May 1, 1987), Trumbull App. No. 3668, unreported, at 4, 1987 Ohio App. LEXIS 6611.
Here, only appellant testified that he requested the use variance in order to make his business more profitable. There was no question that he would be able to continue to operate his existing business with or without the requested use variance. The common pleas court acknowledged the latter as its reason for finding that no unnecessary hardship existed. This was correct as a matter of law. Appellant's second assignment of error is without merit.
In his third and final assignment of error, appellant argues that the common pleas court committed prejudicial error by elevating mere supposition and opinion to the level of direct evidence. In particular, appellant takes issue with appellee's assertion in its brief before the trial court (also found in appellee's brief before this court) that the contested resolution was adopted in order to facilitate new car sales. Appellant asserts that appellee was required to provide sworn testimony or other evidence of legislative history in order to support this "bald assertion." Thus, according to appellant, the common pleas court erred by considering it.[3]
Although it is true that the common pleas court appeared to consider and accept appellee's proposed explanation for the purpose behind the resolution, the court did so in its consideration of appellant's argument below that the resolution was unconstitutional. Yet, on appeal to this court, appellant has not directly assigned any error in relation to the common pleas court's determination that the resolution was constitutional as applied to appellant.[4] As such, it would appear that appellant is attempting indirectly to take issue with the common pleas court's determination that the subject resolution was constitutional as it applied to him. In so doing, however, appellant has provided no other argumentation on the propriety of the common pleas court's determination which might assist this court in our review. Moreover, for unexplained reasons, appellee has not included a response to the third assignment of error in its answer brief.
While this court has no duty to pass on errors not assigned or argued in the briefs, we will, however, briefly address why any possible error in this regard amounted to mere harmless error.
Township zoning resolutions are presumptively valid and constitutional. See Gray v. Trustees of Monclova Twp. (1974),38 Ohio St.2d 310, syllabus. Thus, a party challenging the constitutionality of a township zoning resolution on due process grounds bears the initial burden to produce evidence rebutting the presumption of constitutionality. The party does this by demonstrating, beyond fair debate, that the resolution, as itapplies to that party or the party's proposed land use, is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. Goldberg Cos.,Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207, 214;Gray; Euclid v. Ambler Realty Co. (1926), 272 U.S. 365, 395. The party may not rely on mere allegations and conclusions of law in doing so, but must produce competent and relevant evidence to support its position. Rootstown Twp. v. Shimp (1988), 47 Ohio App.3d 141,143-144, quoting Pepper Pike v. Landskroner (1977),53 Ohio App.2d 63.
Much argumentation regarding constitutionality was presented by counsel at the administrative level and on appeal to the common pleas court. However, appellant introduced no evidence whatsoever to demonstrate how the contested resolution, as it applied to himor his proposed use, was unconstitutional in that it was arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. Appellant's own extremely limited, sworn testimony established only that he desired to progress with his business by selling used cars. As appellant failed to meet his initial burden, the common pleas court had little choice but to uphold the resolution. Consequently, there was no need even to consider the purpose of the resolution.[5] As a result, the common pleas court's consideration of the same was mere harmless error as the court's judgment was ultimately correct as a matter of law. Appellant's third and final assignment of error is without merit.
In light of the foregoing analysis, the judgment of the common pleas court is affirmed in part, reversed in part, and remanded. Upon remand, the common pleas court is instructed to void that portion of its previous judgment entry addressing appellant's argument that the resolution is void and enter a new judgment declaring that it lacks jurisdiction to address the argument, as stated in this opinion. _______________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
NADER, J., concur.
[1] R.C. 519.02 reads, in pertinent part: "Township trusteesmay regulate building and land use in unincorporated territoryfor public purpose. For the purpose of promoting the public health, safety, and morals, the board of township trustees may in accordance with a comprehensive plan regulate by resolution * * * the uses of buildings and other structures * * *."
[2] See, e.g., Long v. Bd. of Twp. Trustees, LibertyTwp. (May 24, 1996), Delaware App. No. 95CA-E-06-037, unreported, 1996 Ohio App. LEXIS 3704 where the party aggrieved by an amendment to a township zoning ordinance pursued a declaratory judgment action to assert that the amendment was void on the grounds that it was not enacted for the purposes of promoting the health, safety and morals of the township's residents. See, also, Yorkavitz v. Bd. of Twp. Trustees of Columbia Twp.
(1957), 166 Ohio St. 349 where the Supreme Court of Ohio considered a similar facial challenge to a zoning resolution brought via a declaratory judgment action.
[3] However, appellant does not take issue with the statements of Concord Township residents presented at the February 5, 1997 hearing. As such, we will not delve into the same.
[4] Although the common pleas court did not expressly indicate that it considered appellant's constitutional challenge as itapplied to his case, we will presume that the court considered the challenge in this fashion as it was required to do for the reasons explained in the first assignment.
[5] See Statkus v. Zak (Feb. 2, 1976), Geauga App. No. 645, unreported, at 5-6, 1976 Ohio App. LEXIS 6748 ("An ordinance will be sustained, although the enacting municipality offers no evidence in support of its reasonableness, if opponents of the measure fail to produce sufficient evidence of unreasonableness[.]").