CONSOLIDATED MANAGEMENT, INC. ET AL., APPELLEES, *v.* CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as Consolidated Mgmt., Inc. *v.* Cleveland (1983), 6 Ohio St. 3d 238.]

(No. 82-1055—Decided August 17, 1983.)

*Harbarger, Kelleher, Treister, Klonowski & Carbone Co., L.P.A., Mr. David R. Harbarger* and *Mr. Stephen M. Klonowski,* for appellees.

*Mr. James E. Young,* director of law, *Mr. Michael A. Pohl* and *Mr. Irving Berger,* for appellants.

HOLMES, J. The issue before us centers on the statutory construction of certain provisions of the Cleveland zoning code and whether a variance was properly issued pursuant to such provisions. The lower courts, in construing the code, upheld the granting of appellees' variance without requiring evidence of unreasonable hardship or practical difficulty to the property in question. We disagree with this interpretation and, therefore, reverse the lower court's decision.

A variance is intended to permit amelioration of strict compliance of the zoning ordinance in individual cases. It is designed to afford protection and relief against unjust invasions of private property rights and to provide a flexible procedure for the protection of constitutional rights. *Nunamaker* v. *Bd. of Zoning Appeals* (1982), 2 Ohio St. 3d 115; *In re Appeal of Clements* (1965), 2 Ohio App. 2d 201 [31 O.O.2d 328]. Conversely, variances are not authorized to change zoning schemes or to correct errors of judgment in zoning laws. The authority to permit a variance does not include the authority to alter the character and use of a zoning district. *Schomaeker* v. *First Natl. Bank* (1981), 66 Ohio St. 2d 304, 309 [20 O.O.3d 285]; *Fox* v. *Johnson* (1971), 28 Ohio App. 2d 175 [57 O.O.2d 234]; see 8 McQuillin, Municipal Corporations (3 Ed. 1976) 476, Section 25.160.

The board's authorization (or denial in a given case) is presumed to be valid, and the burden of showing the claimed invalidity rests upon the party contesting the determination. *C. Miller Chevrolet* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298 [67 O.O.2d 358], paragraph two of the syllabus; *McCauley* v. *Ash* (1954), 97 Ohio App. 208, 216 [55 O.O. 458]. A trial court, within an appeal pursuant to R.C. Chapter 2506, and a court of appeals, within an appeal pursuant to R.C. Chapter 2505, would accordingly be obliged to affirm the action taken by the board, absent evidence that the board's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence.[1]

---

[1] The board found appellees' building to be within a "Shopping Center District" and governed by Section 343.04 of the Cleveland codified ordinances. A reviewing court is bound by these findings of the board in the absence of a constitutional, statutory, evidentiary or procedural error. The court of appeals determined that it was unnecessary to address these findings, in that it determined that there was no abuse of discretion by the board in permitting the

The board granted the use variance by summarily stating that the refusal to issue the variance would work an unreasonable hardship upon the owner with no corresponding gain to the community. The board, however, failed to set forth any particular hardship in its finding. The trial court, and the court of appeals, affirmed the board's finding without requiring any affirmative evidence of unreasonable hardship or practical difficulty on the part of appellees. It is with this rationale that we disagree.

The Cleveland City Council, in Ordinance Section 329.03,[2] has outlined the factors to be considered by the board when granting a variance. In affirming the board's action, the majority of the court of appeals relied solely on subsection 329.03 (d)(1), which it held contained sufficient guidelines to grant the variance. This interpretation authorizes the board to extend a use into an adjacent zoning classification as long as sufficient conditions are given to "safeguard the character of the more restricted district."[3] In the absence of further guidelines, this interpretation gives the board virtually unlimited discretion in granting a variance and would be in violation of the

---

variance even though it was within the more restrictive zoning classification. Upon the record before us, we find no error in the board's determination as to the status of appellees' building.

[2] Section 329.03 states as follows:

"Variance Powers.

"(a) Conditions Requiring Variances. Where there is practical difficulty or unnecessary hardship in the way of carrying out the strict letter of the provisions of this Zoning Code, the Board of Zoning Appeals shall have the power, in a specific case, to vary or modify the application of any such provisions in harmony with the general purpose and intent of this Zoning Code so that public health, safety, morals and general welfare may be safe-guarded and substantial justice done.

"(b) Limitation of Variance Powers. Such variance shall be limited to specific cases where:

"(1) The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be built upon or used because of physical size, shape or other characteristics of the premises or adjoining premises which differentiate it from other premises in the same district and create a difficulty or hardship caused by a strict application of the provisions of this Zoning Code not generally shared by other land or buildings in the same district;

"(2) Refusal of the variance appealed for will deprive the owner of substantial property rights; and

"(3) Granting of the variance appealed for will not be contrary to the purpose and intent of the provisions of this Zoning Code.

"(c) Data on which Variance is Based. When appealing for a variance, the appellant shall state and substantiate his claim that the three conditions listed under subsection (b) hereof exist, and the Board shall make a finding on each of the three conditions as they apply in each specific case as a prerequisite for the granting of the variance.

"(d) Variance from Use Regulations. (1) The Board may permit, in any use district, the extension of a building or use existing on the effective date of the use regulations of the area, into adjoining land in a more restricted district, which land was under the same ownership on the effective date, under such conditions as will safeguard the character of the more restricted district."

[3] Here, as set forth previously within the conditions of the board of zoning appeals, the "safeguards" were the posting of a sign concerning the age limitation during school hours, and a person to be stationed at the door.

settled prohibition against the unlimited delegation of legislative authority to an administrative tribunal. *State, ex rel. Selected Properties, Inc.,* v. *Gottfried* (1955), 163 Ohio St. 469 [56 O.O. 397]; *Northern Boiler Co.* v. *David* (1952), 157 Ohio St. 564 [47 O.O. 416].

It is necessary that the board of zoning appeals read, and apply, each subsection of Ordinance Section 329.03 *in pari materia.* Accordingly, in order for the board to grant a specific variance, subsections 329.03 (b)(1), (2) and (3) require that each applicant prove that the zoning classification presents an unnecessary hardship or practical difficulty to the intended use of the property; that refusal of the variance will deprive the owner of substantial property rights; and that the granting of the variance would not be contrary to the intent of the zoning code.[4] Here, we hold that the appellees have not sustained the burden of proving that they were entitled to the variance.

In the present case, appellees imposed the hardship upon themselves as they acquired an interest in the premises with knowledge of the zoning classification. Where a purchaser of commercial property acquires the premises with knowledge of the zoning restrictions, he has created his own hardship and generally cannot thereafter apply for a zoning variance based on such hardship. The record before us is void of any clear evidence of unnecessary hardship or practical difficulty except those created by appellees. The mere fact that appellees' property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification.

Finally, appellees contend that Ordinance Sections 343.01 and 343.02 are unconstitutional. Appellees put forward two main arguments: the zoning ordinances are arbitrary as written; and the ordinances provide for an unlawful delegation of authority to an administrative tribunal.

A zoning ordinance will be held unconstitutional if its provisions are clearly arbitrary and unreasonable, and have no substantial relation to the public health, safety, or general welfare. *Village of Euclid* v. *Ambler Realty Co.* (1926), 272 U.S. 365; *State, ex rel. City Ice & Fuel Co.,* v. *Stegner* (1929), 120 Ohio St. 418; *State, ex rel. Standard Oil Co.,* v. *Combs* (1935), 129 Ohio St. 251 [2 O.O. 152]. In addition, a zoning ordinance will be declared unconstitutional if it does not contain sufficient criteria to guide the administrative agency in the exercise of its discretion granted by the ordinance. *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra,* paragraph one of the syllabus; *Northern Boiler Co.* v. *David, supra,* at 570.

---

[4] The requirement of unnecessary hardship or practical difficulty has been adopted by most jurisdictions. An ordinance of this type delegates to a board the authority to grant variances by using these terms to describe the situation which warrants administrative relief. The majority of judicial opinions dealing with the subject matter of variance is concerned with the meaning of the terms and their application to the specific fact situation before the court. See 3 Anderson, American Law of Zoning (2 Ed. 1968) 157, 160, Sections 18.09, 18.10; 8 McQuillin, Municipal Corporations (3 Ed. 1976) 496, Section 25.166.

As to the alleged unlawful delegation of authority to an administrative agency, appellees argue that subsection 329.03 (d)(1) may be read in isolation from subsection 329.03 (b), and would authorize the board of zoning appeals to allow the extension of a use into an adjacent zoning classification where such use is prohibited, so long as the extension is ordered "under such conditions as will safeguard the character of the more restricted district." It is true that if the ordinance would be interpreted in this limited manner, the party seeking the variance would not have to prove the factors set forth in subsections 329.03 (b)(1), (2) and (3). However, as hereinbefore stated, all relative sections of this ordinance must reasonably be read *in pari materia.* Therefore, the ordinance clearly sets forth three conditions that must be met by the one seeking a variance prior to the board's exercising the grant of such variance. There are, quite apparent in this ordinance, standards to govern the exercise of the council's delegation of authority to this agency.

As to the claimed arbitrariness of this zoning ordinance, we hold that the provisions in question logically define the designations of a "Shopping Center District" and a "Local Retail Business District." The definitions sufficiently contain the geographic requirements of each district to guide an administrative officer or agency, and the provisions provide an extensive list of permitted uses in each district and such uses are not arbitrary or discriminatory in nature. Simply, the ordinances are not arbitrary, but do bear a rational relationship to the underlying zoning scheme of Cleveland.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. I dissent from the holding of this court for the following reasons.

The zoning ordinance involved in the present case draws an arbitrary line through a connected L-shaped shopping center. This division allows the use sought by appellees in the portion of the shopping center fronting Memphis Avenue while not allowing it in the area fronting Fulton Avenue, where appellees' store is located. I find this type of arbitrary and capricious zoning classification to be unconstitutional under the rationale of *Village of Euclid* v. *Ambler Realty Co.* (1926), 272 U.S. 365.

Even if the demarcation of appellees' land is viewed as a constitutional exercise of the police powers by the city of Cleveland, it is not the function of this court to sit as a "super zoning board of review." The United States Supreme Court expressed in *Thomas Cusack Co.* v. *Chicago* (1917), 242 U.S. 526, 531, that a court should not substitute its opinion for that of the zoning

authority. Here the board of zoning appeals granted the variance requested by appellees. This court should not substitute its opinion for that of the zoning board especially in light of the bizarre zoning division present in this case.

For the aforestated reasons I dissent from the opinion of the court and would affirm the judgment of the court of appeals.