OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Santo Battaglia, appeals from a final judgment of the Geauga County Court of Common Pleas affirming the denial of area and use zoning variances by appellee, Newbury Township Board of Zoning Appeals ("BZA").
The following facts are undisputed. In May 1998, appellant purchased Hickory Lake Inn Party Center ("Hickory Lake"), a full-service restaurant and party center located on Stone Road in Newbury Township, Ohio. The record shows that the restaurant had been in operation at this location for approximately twenty-four years prior to appellant's purchase.
Shortly after acquiring Hickory Lake, appellant decided that he wanted to erect a sign on Kinsman Road to attract business because his efforts at advertising through local newspapers and coupon books had been, for the most part, unsuccessful. Appellant eventually located a vacant parcel of land at the corner of Stone Road and Kinsman Road. The land was a part of Punderson State Park, which is a state-owned and operated facility. Appellant contacted the deputy director of the park, Nick Fischbach ("Fischbach"), who gave appellant permission to erect and maintain an attractive sign on the land. Fischbach, however, cautioned appellant that in addition to keeping the property neat and clean, the sign must conform to any applicable zoning regulations.
Appellant next contacted Newbury Township Zoning Inspector Ken Folsom ("Folsom") about erecting a sign on the property in question. Folsom told appellant that he could erect a directional sign at the location and that a zoning permit was not required for this purpose. Folsom, however, did not mention any size restrictions at that time.
In July 1998, appellant began erecting a directional sign on the Punderson property. Before construction was completed, Folsom, after seeing the sign's size, told appellant that it was too large and violated the Newbury Township Zoning Resolutions. Appellant responded by telling Folsom that he should have advised him of any size restrictions before the sign was constructed.
Despite Folsom's warning, appellant went forward and finished erecting the sign. On July 30, 1998, appellant received a letter from Folsom officially notifying him that the sign was in violation of the zoning resolutions. Folsom informed appellant that under Article VII, Section 704(A)(4), a directional sign could only be a maximum of four square feet in size and that his sign, which measured twelve square feet, was considered either a billboard or off-premises advertising sign which were prohibited in all zoning districts in Newbury Township.
Appellant filed an appeal with the BZA requesting both area and use variances. The BZA scheduled a public hearing for February 23, 1999. Appellant attended the hearing and testified as to this reasons for requesting the variances. In addition, appellant was also given the opportunity to present other evidence relating to his requests. At the close of the hearing, the members of the BZA discussed whether appellant was entitled to the variances. After analyzing the relevant factors and the arguments for and against appellant's requests, the BZA voted unanimously to deny the area and use variance applications.
On March 31, 1999, appellant filed an administrative appeal pursuant to R.C. Chapter 2506 with the Geauga County Court of Common Pleas. The transcript of the proceedings conducted before the BZA was filed as the record. However, on June 29, 1999, appellant filed a motion with the common pleas court requesting an evidentiary hearing pursuant to R.C.2506.03. The common pleas court granted appellant's motion and conducted a hearing on August 5, 1999 where both sides presented evidence in support of their respective positions. Sometime thereafter, the parties then submitted written arguments in support of and opposition to the decision of the BZA.
On October 26, 1999, the common pleas court issued its judgment finding that appellant had failed to sustain his burden of proof as to the necessity of either an area or use variance. As a result, the court concluded that that the decision of the BZA to deny appellant's requested variances was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.
From this judgment entry, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our review:
 "[1.] The court below erred in affirming the decision of the BZA denying Appellant's application for a use variance.
 "[2.] The court below erred in affirming the decision of the BZA denying Appellant's application for an area variance."
Because appellant's assignments of error are interrelated, they will be considered in a consolidated fashion. In his first assignment of error, appellant argues that the BZA erred in denying his request for a use variance because he established that the zoning ordinances at issue created an "unnecessary hardship" with respect to the use of the property. Likewise, in his second assignment of error, appellant claims that the BZA erred in denying his application for an area variance because the strict enforcement of the zoning ordinances would result in "practical difficulties." For the following reasons, we disagree.
R.C. 2506.04 provides the decision-making process a reviewing court must follow when deciding an R.C. Chapter 2506 administrative appeal. It reads in pertinent part:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole of the record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision * * *."
Therefore, the standard of review applied by the common pleas court is whether there is a preponderance of substantial, reliable, and probative evidence in the record to support the decision of the administrative entity. Community Concerned Citizens, Inc. v. Union Twp. Bd. of ZoningAppeals (1993), 66 Ohio St.3d 452, 456; Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34; Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 207; Fisher-Yan v. Mason (Sept. 22, 2000), Geauga App. No. 99-G-2224, unreported, at 9-10, 2000 Ohio App. LEXIS 4352.
In undertaking this review, the common pleas court, acting as an appellate court, must give due deference to the administrative agency's determination of evidentiary conflicts. Lawson v. Foster (1992),76 Ohio App.3d 784, 788. Accordingly, the common pleas court may not substitute its judgment for that of the agency. Community ConcernedCitizens at 456; Lawson at 788; Dudukovich at 207. Rather, the common pleas court "is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid[,]" and the burden of demonstrating the invalidity of the agency's decision rests with the contesting party. Community Concerned Citizens at 456; Fisher-Yan at 10. See, also, C. Miller Chevrolet v. WilloughbyHills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus.
The role of this court is even more limited in scope. A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of substantial, reliable, and probative evidence. Kisil at 34; Fisher-Yan at 10-11. Stated differently, while R.C. 2506.04 gives the common pleas court the power to weigh the evidence, the statute only grants an appellate court the limited authority to the review the judgment of the common pleas court strictly on "questions of law." Fisher-Yan at 11.
Here, appellant applied for both area and use variances. "An area variance allows for the development of property in a manner which is generally not permitted by the applicable zoning regulations governing the particular zoned area, provided that the circumstances surrounding the development of the property satisfy certain standards." Fisher-Yan at 11-12. On the other hand, a use variance is normally awarded "when a board of zoning appeals allows property to be used in a way that is not expressly or implicitly permitted by the relevant zoning code." Id. at 12.
Because area and use variances are fundamentally different, the Supreme Court of Ohio has established different standards for the granting of the respective requests. For example, when a party is seeking to obtain an area variance, the appropriate standard to use when analyzing the request is "whether the strict application of a given zoning ordinance will result in `practical difficulties.'" Id. However, when determining the merits of an application for a use variance, the relevant inquiry is "whether a particular zoning ordinance creates an `unnecessary hardship' with respect to the use of the property." Id. at 12-13.
First, appellant argues that he was entitled to a use variance because he established that the zoning ordinances at issue created an "unnecessary hardship" with respect to the use of the property. Specifically, appellant claims that before the sign was erected, Hickory Lake was breaking even at best. Appellant attributed the restaurant's lackluster performance to the fact that potential customers had trouble finding Hickory Lake because of its location. In support of this position, appellant testified that once the sign was placed at the corner of Stone Road and Kinsman Road, his profits increased.
In denying appellant's request for the use variance, the BZA determined that: (1) the requested variance stems from a condition unique to the property in question; (2) the condition was created by appellant erecting the sign; (3) granting the variance would be inconsistent with the general spirit and intent of the zoning resolutions; (4) the requested variance was substantial; and (5) the land could be used for other purposes.
Unnecessary hardship occurs when it is not economically feasible to put a piece of property to a permitted use under its present zoning classification due to the property's unique characteristics. In reDinardo Constr., Inc. (Mar. 31, 1999), Geauga App. No. 98-G-2138, unreported, at 5, 1999 Ohio App. LEXIS 1430. However, this court has previously held that "unnecessary hardship cannot be said to exist when the use variance is requested merely to make the party's use of the land more profitable." (Emphasis added.) In re Suglia (Dec. 18, 1998), Geauga App. No. 97-L-293, unreported, at 9, 1998 Ohio App. LEXIS 6165.
Here, appellant maintains that the zoning resolution in question creates an unnecessary hardship in that he cannot attract business without an off-premises sign due to the location of his restaurant. As a result, it is clear that the only reason he requested the use variance was to make his business more profitable. However, there is no question that appellant would be able to continue operating Hickory Lake at its present location with or without the requested use variance. Unfortunately for appellant, whether or not the sign was well kept, the mere fact that he wishes to make his restaurant more profitable, by itself, is insufficient to establish unnecessary hardship as a matter of law. Id. at 10. Therefore, because appellant did not establish that his inability to have a larger sign would cause him unnecessary hardship, we must affirm the judgment of the common pleas court upholding the BZA's decision to deny appellant a use variance. Consol. Mgt., Inc. v.Cleveland (1983), 6 Ohio St.3d 238, paragraph two of the syllabus ("The mere fact that one's property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classifications.").
Next, appellant claims that even if he was not entitled to a use variance, the BZA erred when it denied his request for an area variance. According to appellant, the BZA misapplied the factors articulated by the Supreme Court of Ohio in Duncan v. Middlefield (1986), 23 Ohio St.3d 83
when reaching its decision.
In Duncan, the Supreme Court held:
 "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g.,
water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Id. at syllabus.
Upon applying these factors, the BZA found the following: (1) appellant did not own the property in question; (2) appellant's sign was substantially larger than the permitted size; (3) the character of the neighborhood could be altered by setting this precedent; (4) appellant could either request a zoning change, use other means of advertising, or change the size and/or location of the sign; and (5) the intent of the zoning requirement would be challenged by granting appellant an area variance. Based on these findings, the BZA voted unanimously to deny appellant's request.
Appellant, however, maintains that even though his sign was substantially larger than permitted, the permitted size is unreasonably small to accommodate his needs. In addition, appellant claims that it would be useless to seek a zoning change or, in the alternative, change the location of the sign, because off-premises signs are not permitted anywhere in Newbury Township. Finally, appellant contends that the minimal impact on the community, when compared to the major impact on his restaurant, creates an inequitable outcome.
After conducting our limited review of the record, we conclude that the decision of the common pleas court must be affirmed. The BZA's decision demonstrates that it considered all of the Duncan factors before denying appellant's request. Appellant has simply failed to prove that strict application of the zoning resolution would result in practical difficulties. For example, because appellant does not own the property where the sign is located, he can not argue that denying the area variance would deprive the land of any beneficial use. Appellant also acknowledges that his sign is substantially larger than permitted. More importantly, appellant was warned by Folsom that the sign violated the Newbury Township's zoning resolutions before it was completed. Thus, appellant was well aware that his sign was not in compliance with local law. In fact, it was not until after Folsom sent appellant a letter concerning the zoning violation that he decided to request a variance.
Again, given our limited standard of review, we conclude that the common pleas court did not err as a matter of law in concluding that the BZA's decision was supported by a preponderance of substantial, reliable, and probative evidence. Appellant's first and second assignments of error are, therefore, without merit.
Based on the foregoing analysis, the judgment of the Geauga County Court of Common Pleas is affirmed.
 ___________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., O'NEILL, J., concur.