ASEFF, d.b.a. Starr Contracting, et al., Appellants,

v.

CLEVELAND BOARD of ZONING APPEALS, Appellee.

[Cite as *Aseff v. Cleveland Bd. of Zoning Appeals* (2001), 142 Ohio App.3d 624.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78137.

Decided May 14, 2001.

*Berkman, Gordon, Murray & DeVan, J. Michael Murray* and *Steven D. Shafron,* for appellants.

*Susan M. Bungard,* Assistant Director of Law, for appellee.

JAMES J. SWEENEY, Judge.

Victor Banis and Tony Aseff, d.b.a. Star Contracting, appeal from a judgment of the Common Pleas Court affirming the Cleveland Board of Zoning Appeals' decision to deny a certificate of occupancy for a building located at 2255 Hamilton Avenue because Aseff exceeded the amount of repairs permissible by Cleveland Cod.Ord. 359.03(a). Banis and Aseff urge on appeal that the court abused its discretion when it affirmed the admission of prejudicial testimony, determined that the Board of Zoning Appeals' decision was supported by a preponderance of reliable, probative and substantial evidence, and concluded that Cleveland Codified Ordinances 359.03(a) is constitutional. After a consideration of the facts and the law, we reverse the judgment of the trial court.

The record reveals that Banis used the first floor of his building as an adult cabaret and had five dwelling units on the second floor. The building is located in a semi-industrial district at the corner of East 23rd Street and Hamilton Avenue in Cleveland, Ohio, and is permitted as a nonconforming use because it existed prior to the enactment of the Cleveland Adult Use Ordinance in 1987. On May 25, 1995, Pete Stewart, a building inspector from the city of Cleveland, cited the building for electrical, heating and ventilation, and plumbing violations and for a broken basement floor that permitted moisture seepage and required tuckpointing. Further, the second floor had five dwelling units instead of the permissible two units. Aseff obtained the appropriate work permits, performed some of the renovations, and contracted with other tradesmen to perform the remainder of the work. During the repairs, the inspectors required Aseff to redo the electrical work he had done incorrectly and remove a dance floor and tables that were constructed with nonfire-rated wood.

After Aseff corrected the zoning code violations, Banis applied for a certificate of occupancy to reopen the first floor cabaret. On February 18, 1999, Vilkas, the Deputy Commissioner of Building and Housing for the city of Cleveland, denied the request because material information was withheld or misrepresented in the permit applications. Four days later, Banis filed an appeal to the Board of Zoning Appeals to maintain use of the building as a nonconforming adult cabaret.

On April 26, 1999, the board conducted a hearing and permitted some of the neighboring businessmen to speak against the certificate of occupancy. Then, Joe Sidoti, the Manager for the Real Estate Office for the city of Cleveland, assessed the fair market value using the tax value and determined that the property was worth $44,500. Later in 1998, Sidoti reassessed the property after the violations were corrected using the same methodology and determined that $60,000 was the fair market value.

Then, Stewart addressed the board and stated that Banis and Aseff had told him that the electrical repair totaled $30,000. Next, Robert Vilkas stated that "appellant told me and his attorney at the time, he told me it was somewhere between fifty and sixty thousand dollars worth of improvements."

Tony Aseff addressed the board and explained that the renovations totaled $49,257,90; however, he believed that $14,631 should not be calculated in the total because it represented permits and fees and work that had to be removed and redone, arguing that any removal of materials were not an inherent part of the structure. Finally, Banis testified that he had entered into a purchase agreement with a potential buyer for $100,000 pending the outcome of this case.

On May 3, 1999, the board denied the appeal. Banis and Aseff appealed the decision to the court of common pleas, which later affirmed the decision. Banis

and Aseff now appeal from that judgment and raise six assignments of error for our review. They state:

"I.   The decision below must be reversed because the BZA's decision was not supported by substantial, reliable and probative evidence.

"II.   Whether the trial court erred in holding that the admission of testimony of neighbors and a councilman was harmless.

"III.   The decision below must be reversed because the BZA considered the case before it to be an application for a variance and applied the incorrect standard of proof.

"IV.   The trial court erred in failing to reverse the decision of the BZA because that body improperly relied on the intent and purpose of the zoning code.

"V.   The trial court erred in failing to hold that Cleveland Cod.Ord. S359.03(a) is unconstitutionally vague.

"VI.   The decision below must be reversed because Cleveland's permit scheme is unconstitutional."

Since the fifth assignment of error is dispositive in this case, we move directly to that issue.   See App.R. 12(A)(1)(c).   Banis and Aseff argue that the ordinance is unconstitutionally vague because there is no way to value the property.   The board maintains that based on a preponderance of reliable, probative, and substantial evidence, the trial court correctly determined that Banis had notice concerning the amount he could spend to repair his property and still maintain a nonconforming use, and, therefore, the statute is constitutional.   The issue concerns whether the court properly concluded that Cleveland Codified Ordinance 359.03(a) is constitutional.

We begin by noting that in *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, the court stated:

"[T]he Court of Common Pleas must weigh the evidence in the record, * * * to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision.   We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise.   The key term is 'preponderance.'   If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision;  if it does not exist, the court may reverse, vacate, modify or remand.

"In determining whether the standard of review prescribed by R.C. 2506.04 was correctly applied by the Court of Common Pleas, both this court and the Court of Appeals have a limited function."   See *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 12 OBR 26, 465 N.E.2d 848.

R.C. 2506.04 states:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * *"

The Cleveland Codified Ordinances 359.03(a) states:

"Nothing in this Zoning Code shall prevent the strengthening or restoration to a safe condition of any structural part of any building declared unsafe by the Commissioner of Building or the Commissioner of Housing or other authorized administrative official or agency of the City. Such repairs within the life of a nonconforming building shall not exceed fifty percent of the valuation of such building determined as specified in Section 160–07[no such section], unless the building is changed to a conforming use." (Emphasis added.)

Finally, we are guided by this court's discussion in *Cleveland Indus. Square, Inc. v. Cleveland Bd. of Zoning Appeals* (1992), 83 Ohio App.3d 301, 614 N.E.2d 1086:

"With regard to the vagueness challenge, we note that the ordinance is entitled to a strong presumption of validity, unless the party attacking the ordinance can overcome this presumption. *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 32 [30 OBR 33, 36, 505 N.E.2d 966, 970] * * *. Moreover, 'the unconstitutionally vague argument is usually applicable only to criminal ordinances which fail to put persons on notice as to what conduct is prohibited. Such an argument is inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation. *Id.* [*Rumpke Waste, Inc. v. Henderson* (S.D.Ohio 1984), 591 F.Supp. 521] at 529–530. In the cause *sub judice,* it appears that the property owner was on notice of the overlay zoning restrictions placed on his property. See *Consolidated Mgmt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238 [6 OBR 307, 452 N.E.2d 1287], * * *.' *Franchise Developers, supra,* 30 Ohio St.3d at 32 [30 OBR at 37, 505 N.E.2d at 970] * * *." (Emphasis added.)

In this case, we agree that the zoning ordinance put Banis on notice that he could not exceed fifty percent of the valuation. However, the zoning ordinance refers to Section 160–07 in order to determine property value, but that section does not exist. There is no way to determine the value of Banis's property or whether the repairs exceeded fifty percent of the valuation. Thus, the ordinance is unconstitutionally vague, and the trial court's affirmance of the board's decision to deny Banis a certificate of occupancy is not supported by a

preponderance of reliable, probative, and substantial evidence. Accordingly, this assignment of error is well taken, and the decision of trial court is reversed.

*Judgment reversed.*

FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., concur.