OPINION
Plaintiff-appellant, Taylor Building Corporation of America, appeals the decision of the Warren County Court of Common Pleas affirming the denial of a variance for appellant's model home by the defendants-appellees, Clearcreek Township Board of Zoning Appeals ("BZA"). We affirm the decision of the trial court.
Appellant maintained and operated a model home in a rural residence (R-1) zone within Clearcreek Township. Regulations in section 6.02(I) of the Clearcreek Township Zoning Code permit the operation of a model home for a period of nine months from the date of completion. Prior to the end of the nine-month period, appellant petitioned the BZA for a variance to extend the period to five years. On August 22, 2000, a hearing was held before the BZA. The BZA voted to deny appellant's request for the variance.
Appellant appealed the decision of the BZA to the court of common pleas. Appellant filed a motion to strike documents from the record and that motion was overruled. The court of common pleas affirmed the BZA's decision. This appeal follows in which appellant raises three assignments of error. For purposes of clarity, we address the assignments of error out of order.
Assignment of Error No. 2:
 THE COMMON PLEAS COURT ERRED IN AFFIRMING THE DECISION OF THE CLEARCREEK TOWNSHIP BOARD OF ZONING APPEALS AS THE BZA APPLIED IMPROPER STANDARDS TO APPELLANT'S REQUEST FOR A VARIANCE.
R.C. Chapter 2506 provides for the appeal of an administrative decision to the common pleas court. In reviewing the administrative decision, the common pleas court must determine whether "the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04;Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. The decision of the administrative body is presumed to be valid, and the burden of showing its invalidity rests upon the contesting party. 4D Investments, Inc. v.Oxford (Jan. 11, 1999), Butler App. No. CA98-04-082, unreported, at 3, citing Consolidated Mgt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238.
In contrast, this court has a more limited function. An appellate court is required to affirm the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence. Kisil at 34. Within the ambit of review by the appellate court is the question of whether the common pleas court abused its discretion.Id. at fn. 4.
There was a dispute between appellant and the BZA regarding the correct standard to be applied in deciding whether to grant the variance. Appellant contends the BZA employed a "more stringent standard" than required. At the hearing, appellant sought the application of an "area variance" standard. The BZA concluded that the "use variance" standard was applicable.
Appellant argues the clear language of R.C. 519.14 limits township zoning power and authority. This court held that there is no distinction drawn between area or use variances because of the language of R.C. 519.14.Dsuban v. Union Township Bd. of Zoning Appeals (Dec. 18, 2000), Butler App. No. CA2000-03-055, at 5, unreported. See, also, Cole v. Bd. ofZoning Appeals (1973), 39 Ohio App.2d 177, 181-82; Zickefoose v. Bd. ofZoning Appeals (Sept. 7, 2000), Ashland App. No. 99-COA-01307, unreported. These decisions are premised on the fact that R.C. 519.14, the statute that outlines the powers of a township zoning board of appeals, specifically allows variances only where literal enforcement of a zoning resolution results in unnecessary hardship. Id. (Emphasis added.) An "unnecessary hardship" does not exist unless the property is not conducive to any of the uses permitted by the zoning resolution. See, generally, Fox v. Johnson (1971), 28 Ohio App.2d 175, 181.
Section 21.01(B) of the Clearcreek Township Zoning Resolutions states the standards for a variance in Clearcreek Township. The language is nearly identical to R.C. 519.14. In pertinent part, Section 21.01(B) states, variances are authorized where "a literal enforcement of said code will result in unnecessary hardship * * *."
Appellant had the burden to show enforcement of the zoning regulation would result in unnecessary hardship in order to obtain a variance.Consolidated, 6 Ohio St.3d at 240. Allowing a model home to operate for only nine months may be a short duration, but it is not a ludicrous restriction. The BZA applied the unnecessary hardship standard and determined appellant did not meet his burden of showing that the property would not be conducive to any of the uses permitted by the zoning resolution once the nine-month period expired. Furthermore, the BZA determined enforcement of the nine-month model home restriction did not remove all profitable use of the land, that granting the variance would alter the neighborhood, and that the variance was contrary to the public interest. Additionally, the BZA determined "no hardship occurs regarding [appellant]" and that "hardship does not result from any particular requirements of the zoning resolution."
Without considering the information subject to appellant's motion to strike, the court of common pleas found that the BZA's decision was "supported by the preponderance of substantial, reliable, and probative evidence and that it is not unconstitutional, illegal, arbitrary, capricious, or unreasonable." Since the common pleas court applied the proper standard of review to the BZA's decision, we find no error. Therefore, the second assignment of error is overruled.
Assignment of Error No. 1:
 THE COMMON PLEAS COURT ERRED IN OVERRULING APPELLANTS [SIC] MOTION TO STRIKE DOCUMENTS FROM THE RECORD.
Appellant sought to strike various documents from the record in the appeal of the BZA's decision to the court of common pleas. Appellant's motion covered the following documents: A) a copy of text from a chapter of a treatise entitled "Ohio Planning and Zoning Law," entitled "Text 9.1 Variances Definitions;" B) a copy of text entitled "Text 9.6 Variances Variances-Standards-Unnecessary hardship and practical difficulties;" C) a summary of the factual background pertaining to appellant's case which was written for the benefit of the board members; and D) a petition signed by neighboring residents addressed to the BZA.
Appellant argues that because items A, B, and C were never presented or discussed at the hearing before the BZA, and were never provided to counsel for appellant, the reviewing court is compelled to ignore this evidence as it was not properly presented. Therefore, appellant contends items A, B, and C should be stricken from the record. Appellant further argues item D is also inadmissible because it was not authenticated and none of the petitioners were at the hearing to verify their signatures.
A court's decision to grant or overrule a motion to strike is within its sound discretion and will not be overturned on appeal absent a showing of abuse of discretion. Riley v. Langer (1994),95 Ohio App.3d 151, 157. An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
R.C. 2506.03 provides guidelines for the hearing of appeals from orders of administrative officers and agencies. R.C. 2506.03 states, "the court shall be confined to the transcripts as filed pursuant to R.C.2506.02
* * *." R.C. 2506.02 states the transcript shall include "* * * all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication or decision appealed from."
The court of common pleas states in its decision, we have "not considered that information in the transcript that is the subject of Appellant's motion to strike." Therefore, the question of whether the denial of appellant's motion to strike constitutes error is moot because the reviewing court ignored those items. Consequently, there was no error. Therefore, the first assignment of error is overruled.
Assignment of Error No. 3:
 THE COMMON PLEAS COURT ERRED IN FAILING TO FIND THAT THE DECISION BY THE BOARD OF ZONING APPEALS WAS ARBITRARY, CAPRICIOUS AND UNREASONABLE, AND, UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE.
Appellant argues there was no admissible, credible, substantive, reliable or probative evidence presented to the BZA at the hearing in opposition to appellant's application for a variance. Appellant argues since there was no evidence in opposition to his application for a variance, the decision should be found arbitrary, capricious, unreasonable, and unsupported by the preponderance of evidence. Appellant further argues that the expansion of the nine-month period to a five-year period would not be contrary to the public interest and would provide substantial justice.
Evidence in opposition to appellant's application for a variance was not necessary since appellant had the burden to show enforcement of the zoning regulation would result in unnecessary hardship. Consolidated,6 Ohio St.3d at 240. Since appellant had the burden to show unnecessary hardship and did not meet this burden, the common pleas court did not err in determining that the decision of the BZA was not arbitrary, capricious or unreasonable, and, was supported by the preponderance of substantial, reliable and probative evidence. Therefore, the third assignment of error is overruled.
Judgment affirmed.
VALEN and POWELL, JJ., concur.