DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, LaGrange Township Board of Zoning Appeals ("the BZA"), appeals the judgment of the Lorain County Court of Common Pleas, which reversed its denial of appellee Gary Burnett's application for a conditional use permit. This Court reverses.
 I. {¶ 2} Mr. Burnett resides at 42251 State Route 303 in LaGrange Township, in an area zoned agricultural-residential. He also owns and operates a septic waste disposal business located on Commerce Drive in LaGrange *Page 2 
Township. Mr. Burnett's business removes human waste from septic tanks and transports it to treatment plants. Approximately some time in 2002, Mr. Burnett installed three underground storage tanks on his residential property and began storing effluent in those tanks for one to three days until it was feasible to transport the waste to the treatment plant. The three tanks hold a total of 28,000 gallons of effluent. When a zoning inspector opined that the storage of effluent on his residential property was part of his commercial business necessitating a variance, Mr. Burnett applied to the BZA for a conditional use variance.
 {¶ 3} The BZA conducted a hearing regarding Mr. Burnett's application on May 16 and 31, 2006. Mr. Metzger of the BZA enumerated the types of conditional uses permitted by the LaGrange Township Zoning Regulations, and Mr. Burnett asserted that he was seeking a home occupation conditional use. Mr. Metzger recited the regulations applicable to home occupations. Attorney Thomas Mangan of the Lorain County Prosecutor's Office further clarified the law that the BZA must apply when considering the request, including the general standards applicable to all conditional uses enumerated in Article 14 of the township zoning regulations.
 {¶ 4} At the conclusion of the hearing, the BZA denied Mr. Burnett's application for home occupation conditional use of his residential property by a vote of 5-0. The BZA issued its written decision denying the request on June 20, 2006. Mr. Burnett filed a notice of administrative appeal of the BZA's decision on *Page 3 
July 19, 2006, in the Lorain County Court of Common Pleas, pursuant to R.C. Chapter 2506. Both parties filed briefs. On February 8, 2007, the trial court issued its journal entry reversing the decision of the BZA and remanding the matter so that the board could enter an order granting a conditional use permit to Mr. Burnett.
 {¶ 5} The BZA timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN REVERSING THE LAGRANGE TOWNSHIP BOARD OF ZONING APPEALS' DECISION."
 {¶ 6} The BZA argues that the trial court erred in reversing the BZA's decision denying Mr. Burnett's application for a conditional use variance. This Court agrees.
 {¶ 7} While the common pleas court, in an appeal pursuant to R.C. Chapter 2506, considers the whole record to determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence, an appellate court's standard of review is more limited in scope. South Park, Ltd. v. Councilof the City of Avon, 9th Dist. No. 05CA008737, 2006-Ohio-2846, at ¶¶ 5-6. "This statute grants a more limited power to the court of appeals to review *Page 4 
the judgment of the common pleas court only on `questions of law[.]'"Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, at fn. 4.
 {¶ 8} However, while appellate courts must not substitute their judgment for that of an administrative agency or trial court "absent the approved criteria for doing so[,]" the trial court maintains a duty to examine the evidence. Lorain City School Dist. Bd. of Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257, 261. Accordingly,
 "when reviewing the judgment of a common pleas court which determined an appeal from an administrative agency, `[w]e must affirm the [trial court] unless that court's decision `is not supported by a preponderance of reliable, probative and substantial evidence." White v. Cty. of Summit, 9th Dist. No. 22398, 2005-Ohio-5192, at ¶ 13, quoting Russel v. Akron Dept of Public Health, Hous. Appeals Dept (2001), 142 Ohio App.3d 430, 432. In making such a determination, this Court applies an abuse of discretion standard. White at ¶ 13, citing Copley Twp. Bd. of Trustees v. Lorenzetti (2001), 146 Ohio App.3d 450, 454. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency.' Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id." South Park, Ltd. at ¶ 7.
 {¶ 9} The Ohio Supreme Court has held that a board of zoning appeals' approval or denial of an application for a variance is presumed to be valid, and the party challenging the board's determination has the burden of showing its invalidity. Consol. Mgt, Inc. v. Cleveland (1983),6 Ohio St.3d 238, 240, citing *Page 5 C. Miller Chevrolet v. Willoughby Hills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus. The Supreme Court further held:
 "A trial court, within an appeal pursuant to R.C. Chapter 2506, and a court of appeals, would accordingly be obliged to affirm the action taken by the board, absent evidence that the board's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence." Consol. Mgt, Inc., 6 Ohio St.3d 238, 240.
 {¶ 10} The BZA, in its decision, found that Mr. Burnett's proposed continued temporary storage of effluent did not meet the requirements of a home occupation pursuant to the township's zoning regulations. Furthermore, the BZA found that Mr. Burnett's plan to offload, store and remove septic waste from the underground tanks on his property on a regular basis did not comply with the general standards applicable to all conditional uses pursuant to Z.R. 1406(B).
 {¶ 11} The trial court reversed the decision of the BZA, finding the decision to be inconsistent with the rules and regulations applicable to the issuance of conditional use permits. Specifically, the trial court found that the BZA's conclusions that Mr. Burnett's proposed use did not meet the definition or requirements of a home occupation pursuant to Articles II and V of the township's zoning regulations were unsupported by the language of the regulations and by the factual record. In addition, the trial court found that the code envisions broader uses in an agricultural residential district than in a merely residential district. The trial court noted that underground storage tanks are permitted for home septic systems and animal waste storage. It then found that the odors emitted in *Page 6 
conjunction with Mr. Burnett's proposed use "are not significant and indistinguishable from personal septic systems or the smell of freshly fertilized fields."
 {¶ 12} Article VI, Section 603, lists the conditionally permitted uses in an agricultural residential district. The express conditionally permitted uses include churches; earth dwelling; parks and playgrounds; prospecting, oil and gas; extraction of stone, minerals and topsoil; and home occupation.
 {¶ 13} Article II, Section 202 of the township zoning regulations defines "home occupation" as follows:
 "An accessory use of a lot, on which a dwelling unit is maintained as the main use, for gainful employment or profit by one or more persons residing in the dwelling, and involving the manufacture, provision, or sale of goods and/or services including storage. A home occupation may also be conducted in a dwelling on a lot where agriculture is the main use."
The same section further defines "accessory use or structure" as "[a] use or structure on the same lot with, and of a nature customarily incidental and subordinate to, the principle use of [the] structure."
 {¶ 14} Article V of the township zoning regulations identifies conditionally permitted uses, including home occupation. Section 503 enumerates eleven regulations which shall apply to a home occupation. Subsection C. expressly provides, in relevant part:
 "Such use shall be carried on entirely within the dwelling (which shall consist of the house, basement and attached garage) or entirely within one accessory building. Such use shall be clearly incidental *Page 7 
and subordinate to use of the lot for a dwelling, or to the use of the lot for a dwelling and for agriculture.
 {¶ 15} The township zoning regulations do not define the term "incidental." This Court has held that "[i]n interpreting the words of a statute or regulations, the words used will be given the meaning commonly attributed to them, unless a contrary intention appears in the statute or regulation." Frashure v. Flight (Dec. 5, 1990), 9th Dist. No. 14650, citing Pinnacle Woods Survival Game, Inc. v. Hambden Twp. ZoningInspector (1986), 33 Ohio App.3d 139, 140.
 {¶ 16} In its decision to deny Mr. Burnett's application for a variance, the BZA defined "incidental" according to the definition found in Webster's New World Dictionary as "happening in connection with something more important." The BZA then found that the storage of septic waste on Mr. Burnett's property was not incidental to the principle use of the property, i.e., as a residence. On the contrary, the BZA found that the storage of waste was incidental only to Mr. Burnett's waste disposal business, which is located in an area of the township which is zoned commercial. Accordingly, the BZA found that Mr. Burnett's proposed use of his property did not constitute a valid, lawful "home occupation."
 {¶ 17} Notwithstanding this Court's limited scope of review in an R.C. Chapter 2506 appeal, we nevertheless find that reversal in the instant matter is compelled by the record. The LaGrange Township Zoning Regulations clearly mandate requirements for a home occupation. One of those requirements is that the use be incidental, or happening in connection with, the primary use of the *Page 8 
dwelling. Because Mr. Burnett's storage of septic waste on his home property was effectively an extension of the services provided by his septic waste disposal business, such storage was incidental to that business, rather than an accessory use of his home property. The BZA's findings to that effect are not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence. The trial court, therefore, was obliged to affirm the action taken by the board. SeeConsol. Mgt, Inc., 6 Ohio St.3d 238, 240.
 {¶ 18} The trial court found that the BZA's conclusions were not supported by either the zoning regulations or the factual record. In so doing, it improperly weighed the evidence and credibility of the witnesses and substituted its judgment for that of the BZA. Accordingly, this Court finds that the trial court abused its discretion by reversing the decision of the BZA and remanding the matter to them to enter an order granting Mr. Burnett's request for a home occupation conditional use variance. The BZA's assignment of error is sustained.
 III. {¶ 19} The BZA's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
 Judgment reversed, and cause remanded. *Page 9 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1